[No. 33658. Department One. December 3, 1956.]

WILLIAM E. CLARKE, *Respondent*, v. ANNA BETH CLARKE, *Appellant.*[1]

*Kennett, McCutcheon & Soderland,* for appellant.

*Powell, Johnson & Livengood* by *Charles W. Johnson, Jr.,* for respondent.

FINLEY, J.—This action involves a petition by the mother of a minor child to modify the child-custody provisions of a divorce decree. The decree, entered in 1951, awarded the custody of a son (now ten years of age) to the mother. It allowed the father liberal visitation privileges and prohibited the mother from removing the child from the state of Washington.

After the divorce in January, 1951, each parent remarried and apparently established a wholesome and respect-

[1] Reported in 304 P. (2d) 673.

able home with the new spouse. In fact, at the modification hearing, it was specifically stipulated that neither party would make an issue as to the custodial fitness of the other. After her remarriage in August, 1953, the mother, her minor child, and her new husband made their home in Belfair, near Bremerton, Washington, where the husband was manager of Thrift Super-Market.

When plans for remodeling and expansion of the supermarket were abandoned in the summer of 1955, petitioner's husband gave up his position as manager, because he felt that there was little or no prospect for future growth of the store. In an effort to better himself, he accepted employment in California with the Jones Thiebach Company. Subsequently, he changed his employment in California. He is now employed there with the Stokeley Company in a position which he considers desirable and permanent.

Since the time that her husband obtained employment in California, the petitioner and her child have lived with her relatives in the state of Washington in order to comply with the provisions of the divorce decree which prohibit the removal of the child from this state. Her petition to modify the custody order so that she could take the child and join her husband in reestablishing a home in California was denied by the trial court.

The petitioner has appealed. She points out that our decision in *Nedrow v. Nedrow*, 48 Wn. (2d) 243, 292 P. (2d) 872, had not been published at the time the trial judge rendered his decision in the case at bar. She urges that the *Nedrow* case is so closely analogous that it is controlling and requires a reversal of the trial court in the instant case.

Few, if any, cases are identical in all respects. Some distinctions can be made between the case at bar and the *Nedrow* case, but as pointed out hereinafter, we think these are inconsequential. In the present case, the original divorce decree was entered on a noncontested basis. It approved a property settlement and custody agreement, submitted by the parties. As mentioned hereinbefore, custody of the minor child was given to the petitioner, and liberal

visitation privileges were granted to the respondent. The decree confirmed the following prohibition, which was contained in the custody agreement: .

" . . . That said child shall not be taken from the State of Washington without the consent of both parties, except for short trips or visits."

In the modification proceedings, the trial judge referred to the *contract of the parents*, and their rights and obligations thereunder relative to the matter of child custody. However, it does not appear that his decision in the instant case was motivated by consideration and emphasis of the parents' contractual rights and obligations. On the contrary, his reasons for denying appellant's petition for modification seem to be more accurately reflected in his findings of fact Nos. IV and V. These read, in part, as follows:

"IV . . . and it does not appear that he is now permanently located. The boy is in school in the State of Washington. *The new family is not grounded or anchored in California.*

"V That this action is premature, and if the defendant desires to go to California and take her chances with her husband, she has no alternative but to leave the child in the State of Washington." (Italics ours.)

In any event, we are more concerned with the best interests and welfare of a minor child than we are with any alleged contractual rights or obligations, assumed by parents under a settlement agreement, prohibiting the removal of a child from this state without the consent of the other parent. Actually, in denying appellant's petition, the trial judge seems to have been motivated by the doubt expressed in the above-quoted so-called findings of fact: the permanence of the stepfather's move to California and his employment status there. However, as indicated above, the evidence discloses that the stepfather first took a job in San Francisco with Jones Thiebach Company; that he now has a position there with the Stokeley Company and considers his work desirable and permanent.

As we read the record, we are convinced that the evidence preponderates against the so-called finding or the

conclusion of the trial court that the stepfather's status in California is so lacking in permanence as to be detrimental to the best interests of the child in the event of the child's removal from Washington to the state of California. Furthermore, the reasoning, or the conclusion, of the trial court seems to us to be unrealistic, because, in order for the appellant and her new family to become "grounded or anchored" in California as a family unit, it would seem to be necessary that she should first be granted permission to take the child with her and to move to California.

In the *Nedrow* case, *supra*, we held that the custodial parent will not be denied the right to move to another state when such move is consistent with the best interests and welfare of the child. We reversed an order of the trial court which prohibited removal of a child from the state of Washington, saying:

"Admittedly, the facts are usually different in different cases. With this in mind, however, we note that in the following cases . . . [citing cases] the court did not hesitate to permit a custodial parent to remove minor children from this state to another jurisdiction when, considering the circumstances involved, the best judgment of the court indicated that the best interests of the children would be served by permitting removal to another jurisdiction. In the *Kirby* case, *supra*, [126 Wash. 530, 219 Pac. 27;] the court said:

" 'In cases of this kind, the matter of first importance is the welfare of the child. If the stepfather can improve his business connections and associations, he treating the child as though it were his own, a better business connection cannot help but have a resultant beneficial effect in so far as the child is concerned.' "

In view of the close analogy between the factual pattern in the *Nedrow* case, *supra*, and the instant case, we believe that our decision in the *Nedrow* case is controlling as to the disposition of the case at bar. In due deference to the trial judge, it should be pointed out that our decision in *Nedrow v. Nedrow*, *supra*, had not been published at the time the decision of the trial court was rendered in the instant case.

It is our best judgment that this case should be remanded

to the trial court with directions to modify the custody order to permit the removal of the minor child from this jurisdiction. The visitation privileges granted to the father in the original divorce decree should be revised to allow the father, when he is in California, to visit with the child there on week-ends or under other reasonable conditions and circumstances, and to have the minor child visit in his home, or in the home of the child's paternal grandparents in the state of Washington, in the latter instance, for a period of one month only, and this during the summer school vacation.

In the latter connection, the modification order should provide that the father shall return the minor child to the mother in California at least two weeks prior to the commencement of school, following summer vacation; and that said visitation privilege should not be exercised until at least two weeks after the commencement of the child's summer school vacation.

It is so ordered.

DONWORTH, C. J., SCHWELLENBACH, ROSELLINI, and FOSTER, JJ., concur.