560

[No. 39429.    Department One.    April 11, 1968.]

LILLIAN JEAN REMMEM, *Respondent*, v. PALMER LEONARD
REMMEM, *Appellant*.*

*Chester A. Lesh,* for appellant.

*Rock E. Caley,* for respondent.

ROSELLINI, J.—The trial court granted the respondent's
petition for modification of a divorce decree, which decree
approved and incorporated a property settlement agree-
ment under the terms of which the respondent agreed not
to sell the home which was awarded to her as her sole and
separate property until the youngest of the four children
reached age 21. At the time of the petition for modification,
the youngest child was 12 years of age. Two children had
passed the age of 21. The respondent alleged that she had

*Reported in 439 P.2d 983.

remarried, that her husband was employed at a distance 20 miles from the home, and that the home was inadequate for the family. She asked that she be allowed to sell it and purchase another home, with the restriction against sale being transferred to that home.

The trial court did not include this restriction in its decree, but no complaint is made of that omission. It is the sole contention of the appellant that the restriction in the property settlement agreement, incorporated in the decree, concerned the disposition of property of the parties and was not subject to modification.

The trial court's interpretation of the provision in question was that it was a provision for the support of the children and therefore subject to modification.

RCW 26.08.110 provides that a decree of divorce, as to the custody, support and education of children, may be modified by the court, but that as to the custody, management and division of property, it shall be final.

█ The trial court correctly construed the decree as conferring no property rights on the appellant. Under its terms, he was required to execute a quitclaim deed to the respondent. We think the trial court was also correct in finding that the provision requiring the respondent to retain ownership of the home as a home for the minor children was clearly a provision for the support of the children. As such, it was subject to modification. The fact that it restricts the right of the respondent to sell her property does not convert it from a provision for the support of the children to a disposition of a property right.

█ The appellant advises the court that his opposition to the sale of the home is founded on his desire to have the children near him; that his visitation rights can be enjoyed more conveniently if they remain in the area where they presently reside. Visitation rights and their convenient exercise are, of course, matters to which the courts give serious consideration, but their major concern is the welfare of the children. There are no claims made that the welfare of these children would be better served by requiring them

to remain in their present home, other than the claim that they are benefited by frequent visits with the appellant.

Where it has been shown that the custodial parent has remarried and the stepfather has assumed responsibility for the child and provided it a good home, this court has refused to allow concern for the visitation rights of the noncustodial parent to control the decision of whether a decree should be modified, if a modification is necessary to enable the stepfather to pursue his employment opportunities and, at the same time, maintain the home. *Clarke v. Clarke,* 49 Wn.2d 509, 304 P.2d 673 (1956); *Nedrow v. Nedrow,* 48 Wn.2d 243, 292 P.2d 872 (1956). In each of those cases, the mother was allowed to remove the children from the jurisdiction so that they might live at the place where their stepfather was employed. We held in each case that the best interests of the child would be served by such a move. In *Clarke v. Clarke, supra,* this modification of the decree was approved, even though the decree incorporated the property settlement agreement under which the mother agreed not to take the children out of the state without the consent of the father, except for short trips or visits.

The provision in the decree before us served the purpose of just such an agreement, although in this case it was the intent of the parties to keep the children in a house near the father's residence rather than to keep them merely in the same state. A provision of this type is subject to modification.

There being no showing that the trial court abused its discretion in granting the petition for modification, the judgment is affirmed.

FINLEY, C. J., WEAVER and HALE, JJ., and WARD, J. Pro Tem., concur.