## DARLENE E. KERR v. RALPH M. KERR.

243 N. W. 2d 313.

June 11, 1976—No. 45954.

*D. Patrick McCullough,* for appellant.

*Magnuson, Arney & Turrentine, Richard M. Arney,* and *David T. Magnuson,* for respondent.

Heard before Rogosheske, Peterson, and Yetka, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

This is an appeal by Darlene E. Kerr from an order of the Washington County District Court affirming on appeal the deci-

sion of the Washington County Court, Family Court Division. That decision directed an amendment of the divorce decree between the parties. This court granted appellant's petition for review. We affirm.

The original divorce decree between the parties was entered June 13, 1973, pursuant to a stipulation. Appellant was awarded custody of their four minor children and respondent, Ralph M. Kerr, was ordered to make monthly support payments of $55 per child. As part of the property division, appellant was awarded the homestead subject only to a lien in the amount of $5,000 in favor of respondent, reduced to $4,000 if not sold until after June 1, 1977. The decree provided that upon the sale of the homestead any arrearages in child-support payments were to be credited against the amount of the lien. There was no provision for when, or upon what conditions, the lien should be satisfied.

On September 27, 1974, again by agreement of the parties, the orginal decree was amended to provide, inter alia, that respondent's lien was subject to foreclosure upon appellant's death, sale of the homestead, or the 18th birthday, marriage, or other emancipation of the youngest minor child.

Approximately one month later appellant, along with the four children, moved out of the homestead, leasing the premises to a third party for a monthly rental of $295. On December 13, 1974, the county court granted respondent's motion to amend the decree to provide that his lien was to be further subject to foreclosure "[f]our months after the [appellant] and the minor children of the parties shall cease to use the premises as their principal residence."

The sole issue raised on appeal is whether the county court had the authority under the controlling statutory provision, Minn. St. 518.64, to modify the divorce decree as it did.

Minn. St. 518.64 provides as follows:

"After an order or decree for alimony or support money, temporary or permanent * * * the court may from time to time, on petition of either of the parties revise and alter such

order or decree respecting the amount of such alimony, or support money, and the payment thereof * * * and may make any order respecting these matters which it might have made in the original proceeding, except as herein otherwise provided. Except for an award of the right of occupancy of the homestead, all divisions of real and personal property provided by sections 518.58 and 518.59 shall be final, and subject only to the power of the court to impose a lien or charge thereon at any time while such property, or subsequently acquired property, is owned by the parties or either of them, for the payment of alimony or support money, or to sequester the property as is provided by section 518.24."

Under this statute property divisions are final and are not subject to modification except where they are the product of mistake or fraud; provisions for alimony or support, on the other hand, are not final but rather subject to modification by the court upon a showing of a material change of circumstances. Kaiser v. Kaiser, 290 Minn. 173, 186 N. W. 2d 678 (1971); Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. 2d 652 (1965).

Appellant argues that respondent's lien against the homestead and the conditions upon which it was to be satisfied were solely part of the property division and thus not subject to modification by the county court. The county court, in amending the decree, took the position that the lien was "in the nature of alimony and support payable to the [respondent] and is hence therefore freely modifiable * * *." The district court upon review affirmed on the ground that the award to respondent of $5,000 together with the lien was in effect an award of the right of occupancy of the homestead to the appellant and a statement of the specific conditions under which she would be entitled to occupancy.

The portion of the decree awarding appellant the fee interest in the homestead and respondent a $5,000 lien interest was unquestionably a division of property, each receiving his or her share, albeit in different forms, of the homestead. In that re-

spect the decree is not subject to modification nor is it altered by the county court's amendment.

But there is a second aspect to this division of the property and that is the postponement of respondent's realization of his share until the sale of the homestead, the appellant's death, or the majority or emancipation of the youngest child. The decree also provided that the amount of the lien would be reduced by $1,000 if ownership of the homestead was retained by appellant for approximately 4 years following entry of the decree, and that it was subject to a setoff for arrearages in child support.

It seems reasonably evident, as the district court concluded, that in this respect—the postponed realization of the amount secured by the lien—the decree operated to encourage the continued occupancy of the homestead by the parties' minor children. The decree could easily have provided for an immediate sale of the homestead and division of the proceeds. Instead, a method of dividing the homestead was chosen which would have the least impact on its occupancy by the children.

The parties cite Ausman v. Ausman, 31 Wis. 2d 79, 141 N. W. 2d 869 (1966). In that case the equity in the homestead was divided equally but its sale was postponed and, until further order of the court, the wife was awarded the use and occupancy of the home until the youngest child reached age 18. The court characterized the postponed sale as being in the nature of alimony and support.

"Obviously Mr. Ausman will be deprived of the use of his share of these assets for more than fifteen years if this part of the judgment remains unchanged. Equally obviously, this use of his assets must be taken into account as a partial fulfillment of his duty to support Mrs. Ausman and the children." 31 Wis. 2d 85, 141 N. W. 2d 872.

Although appellant attempts to distinguish Ausman, it is difficult to do so. In both Ausman and the instant case a division of the homestead was made at the time of the decree, and realiza-

tion of the interests awarded to each spouse was, for all practical purposes, postponed to await sale of the homestead. In both cases occupancy was specifically awarded the wife. In the instant case, of course, occupancy was further accomplished by awarding appellant the fee interest as well.

Two other foreign decisions offer further support for this characterization. In Chamberlin v. Chamberlin, 119 Ill. App. 2d 295, 256 N. E. 2d 159 (1969), it was held that possession of the homestead which was awarded to the wife pending the majority of the parties' youngest child was in the nature of child support, independent of the division of their real and personal property (homestead to husband and furnishings, stock, and automobile to wife). And in Remmen v. Remmen, 73 Wash. 2d 560, 439 P. 2d 983 (1968), where the wife was awarded the homestead, it was held that a provision in a divorce decree restricting the sale of the homestead pending the majority of the parties' children was in the nature of child support and subject to modification.

We conclude that the provisions postponing realization of the lien and in effect making it security for the payment of child support clearly made it subject to the modification imposed by the county court.

Affirmed.