Juanita L. STEELE, Petitioner,
Appellant, (50183) Respondent

v.

Edgar S. STEELE, Respondent,
Appellant (50205)

Nos. 50183, 50205.

Supreme Court of Minnesota.

April 3, 1981.

Meshbesher, Singer & Spence and John Clifford, Minneapolis, for Juanita L. Steele.

Newcome, Wallace & Newcome, St. Paul, for Edgar S. Steele.

SHERAN, Chief Justice.

Petitioner and respondent were married in 1961, each then being 42 years of age. Both had been previously married and were parents of adult children. There was no issue of the current marriage. The irretrievable breakdown of the marriage having been established, the only issue of significance before the trial court was the distribution of the marital estate.

The property of the parties consisted of the homestead and 12 parcels of real estate apparently held in joint tenancy. Furthermore, there was stock in a corporation which held title to an additional interest in real estate. The real estate was subject to liens on account of taxes and loans. The parties had unsecured obligations in addition to those to which the real estate was subject. There were incidental items of personal property which need not concern us here.

The trial court, in distributing the property, did so in order to effectuate these principles: (1) the homestead was given to Juanita Steele, who resided in it; (2) the interest of the parties above encumbrances in the real estate was to be divided between them equally; (3) stock in the corporation was to be allocated 60% to Edgar Steele and 40% to Juanita Steele.

In our judgment, the principles employed by the trial court in dividing the marital property were well within the range of his discretion. Minn.Stat. § 518.58 (1980).

If it be true, as the parties claim, that there were interests in real estate and outstanding obligations to which the trial court did not address itself specifically, the appropriate remedy is application to the district court for amendment of the decree.

The decision of the trial court is affirmed, subject to the right of either party to apply for modification to include any property of value, not specified in the decree, and for further attention to any indebtedness which may not have been effectively called to the attention of the trial court.

Affirmed.