**In re the Marriage of Hazel M. SCHACK, petitioner, Appellant,**

v.

**Russell A. SCHACK, Respondent.**

**No. CX–84–273.**

Court of Appeals of Minnesota.

Sept. 18, 1984.

Richard M. Meshbesher, Minneapolis, for appellant.

William L.H. Lubov, Lubov & Foster, Minneapolis, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Hazel Schack appeals the trial court's order vacating a previous order disqualifying the trial court judge and denying appellant modified findings or a new hearing on amended dissolution findings. She also appeals the amended dissolution judgment of September 13, 1983.

Appellant claims the trial court erred by allowing an expert witness to testify concerning the value of personal property which the appraiser never saw. She also claims the trial court did not find the original decree was founded upon mistake or fraud and thus did not have the authority to modify the original awards of maintenance and property. Finally, appellant claims the trial court did not have the authority to vacate an order disqualifying himself from the case for prejudice. We affirm.

## FACTS

Appellant was granted a default dissolution November 24, 1982. On January 19, 1983, the trial judge first involved in the case reluctantly granted respondent's motion to reopen the case and litigate the issues of spousal maintenance and distribution of assets.

An evidentiary hearing was held before another trial judge on June 2, 1983. Respondent presented evidence in an attempt to prove the inaccuracy of the original findings. Respondent retained an appraiser who testified as an expert witness. The appraiser had 11 years experience in appraisal of personal property. The property appraised included a truck, a tractor, household furniture and household furnishings. The appraiser personally inspected the truck and tractor but did not inspect the household items.

Appellant's evidence concerning the value of this personal property was based mainly on her own testimony. Her appraisal of the truck and tractor was based upon telephone calls to local dealers. She calculated the value of the household items by dividing the purchase price by two.

The court heard evidence concerning the value of two gas stations operated by respondent. Appellant's original testimony at the default proceedings indicated the value of the two stations was $80,000. The evidence indicated appellant had not informed the court that one of the two stations' leases would not be renewed.

Appellant originally informed the court that respondent had approximately $15,000 in a personal bank account in November 1982. Respondent testified that although he had a business account containing $15,000 at that time, his personal account contained only $4,000. At the June 1983 hearing, appellant also testified that she had not disclosed a fur coat and several valuable items of jewelry to the court.

Respondent presented evidence that appellant had misrepresented her ability to work. Appellant originally testified she needed maintenance of $1,500 per month in order to attend school. At the 1983 hearing, however, appellant admitted she was an untrained but experienced bookkeeper and earned $1,000 per month prior to the divorce, working for the service station her husband operated. Appellant's income at the time of the 1983 hearing also included $600–700 per month interest from the sale of the parties' house and $278 per month from a contract for deed payment. Appellant testified her expenses were $1,300 per month.

Amended findings of fact were issued on September 13, 1983. The findings reduced the valuation of the gas station leases from $80,000 to $30,239, and also adopted respondent's valuations of other personal property. The amount of appellant's maintenance was reduced from $1,500 to $500 per month and reduced the term of mainte-nance from 48 to 16 months. The court gave respondent the right to the proceeds of the contract for deed payments of $278 per month.

Appellant brought a motion to have the June 2, 1983, evidentiary hearing reheard. On November 16, 1983, the day the motion was to be heard, appellant filed an affidavit of prejudice alleging the trial judge was biased because of a remark he made June 2, 1983 regarding appellant's failure to list her fur coat as an asset. The trial judge issued an order on November 22, 1983 disqualifying himself from any further proceedings involving appellant and respondent.

The case then came before a third judge. Instead of considering appellant's motion, the judge issued an order remanding the case to the trial judge for reconsideration of his disqualification and full consideration of the issues. On January 11, 1984, the trial judge issued an order vacating the November 22 disqualification order and denying appellant's motion for a hearing on the September 13 amended findings.

## ISSUES

1. Did the trial court err in admitting expert appraisal testimony from a witness who had not seen the valuated personal property?

2. Was there sufficient evidence of fraud or mistake in the original default dissolution proceeding to permit the trial court's modification of spousal maintenance and property distribution?

3. Could the trial court rescind an order disqualifying himself for prejudice?

## ANALYSIS

■ 1. The admission of expert testimony lies within the sound discretion of the trial court. *Walton v. Jones*, 286 N.W.2d 710, 713 (Minn.1979). "[I]ts ruling will not be reversed unless it is based on an erroneous view of the law or is clearly not justi-

fied by the evidence." *Kinning v. Nelson,* 281 N.W.2d 849, 854 (Minn.1979).

■ The trial court properly admitted the expert testimony of respondent's appraiser. An appraisal of personal property may be based on detailed lists describing the type and quality of the appraised property. *See* Minn.R.Evid. 703; *see also State v. Mecklenburg,* 273 Minn. 135, 146–48, 140 N.W.2d 310, 317–18 (1966). Under these circumstances, the method of appraisal went to the weight and not the admissibility of the appraiser's testimony. *See Northwest Airlines, Inc. v. Commissioner of Revenue,* 265 N.W.2d 825, 831 n. 9 (Minn.1978); *Alstores Realty, Inc. v. State,* 286 Minn. 343, 350, 176 N.W.2d 112, 116–17 (1970).

■ 2. Modification of spousal maintenance and property distribution is governed by Minn.Stat. § 518.64, subd. 2 (1982). Divisions of personal property under a decree of dissolution may be modified only where the court finds conditions that would justify reopening a judgment. Minn.Stat. § 518.64, subd. 2 (1982). "Under this statute property divisions are final and are not subject to modification except where they are the product of mistake or fraud * * *." *Kerr v. Kerr,* 309 Minn. 124, 126, 243 N.W.2d 313, 314 (1976). A showing of fraud or mistake in the original proceeding is also sufficient grounds for considering the correct amount of spousal maintenance. *See* Minn.Stat. § 518.64, subd. 2 (1982).

■ The instances of mistake evidenced in the record and amended findings of fact include:

(1) Appellant's estimate that she needed $1,500 per month maintenance in order to attend school and become employable. Appellant is an experienced bookkeeper with significant earning ability.

(2) Appellant's estimated value of $80,000 for the parties' two service stations did not disclose that one of the stations' leases would not be renewed.

(3) Appellant's appraisal of furnishings taken from the parties' $200,000 house at $7,300. The professional appraiser estimated the replacement cost of these items as $32,778.

(4) Appellant's claim that her attorney was owed $3,500 when she had already paid $750 of that fee.

(5) Appellant's failure to disclose her possession of a fur coat and several expensive pieces of jewelry to the trial court.

Respondent met his difficult burden of showing mistake or fraud at the original dissolution proceedings. The trial court was justified in modifying the original decree.

3. Without admitting bias, the trial judge disqualified himself for prejudice from further proceedings between the parties on November 22, 1983. Another judge, who apparently felt appellant's affidavit of prejudice had been untimely, issued an order on November 23, 1983 requesting the trial judge to vacate his order of disqualification. The trial judge issued an order vacating his disqualification and denied appellant's motion for a hearing regarding the amended findings of September 13. In an attached memorandum, the trial judge explained that his comment about appellant's fur coat referred to an amusing situation between him and his wife and did not affect his decision.

■ Once a case is heard by a judge, the parties are not free to shop for a more desirable forum. This is certainly the case on a motion to reconsider findings and conclusions. In dissolution cases this may mean that a judge will remain in a case through several hearings. The incident complained of occurred after the initial hearing and was not raised until the date set for the motion for reconsideration six months later. Appellant's filing of an affidavit of prejudice in this matter was untimely.

■ "The charge that one called upon to exercise judicial responsibility is biased,

abusive, or unfair is one which must always be considered carefully." *Peterson v. Knutson*, 305 Minn. 53, 58, 233 N.W.2d 716, 719 (1975). We have examined the record carefully and determined the trial judge's comment was, in any case, not sufficient to sustain a finding of prejudice. *See State v. St. Christopher*, 305 Minn. 226, 237–38, 232 N.W.2d 798, 804–05 (1975); *Borchert v. Borchert*, 279 Minn. 16, 19, 154 N.W.2d 902, 905 (1967).

## DECISION

The trial court's admission of appraisal testimony from an expert who had not seen the valuated property was proper. Sufficient evidence existed to permit the trial court's modification of spousal maintenance and property distribution. The trial judge properly rescinded an order disqualifying himself for prejudice.

Affirmed.