**In re the Marriage of Emily Jean BLOMBERG, Petitioner, Appellant,**

v.

**Roger Ole BLOMBERG, Respondent.**

**No. C7–84–2224.**

Court of Appeals of Minnesota.

May 14, 1985.

Wayne E. Gilbert, Falsani, Balmer & Berglund, Duluth, for appellant.

Nicholas J. Zuber, Nicholas J. Zuber, Ltd., Duluth, for respondent.

Considered and decided by NIEREN-GARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

The trial court ordered entry of a judgment and decree dissolving the parties' marriage. Appellant appeals from that decision and claims that the trial court erred when it refused to include certain pension rights in the marital estate. We affirm.

## FACTS

Appellant Emily Jean Blomberg and respondent Roger Ole Blomberg were first married on July 25, 1970. Nine years and eight months later, on March 24, 1980, they were divorced. The decree dissolving that marriage divided the most of the parties' property, but did not address the non-vested, unmatured pension rights respondent earned during the marriage while employed by the City of Duluth, Minnesota.

The parties remarried on October 28, 1980. This divorce proceeding was commenced in November 1983 and a decree entered on September 24, 1984. During the proceeding appellant claimed that the non-vested unmatured pension rights respondent earned during both the first marriage and the second marriage should be considered marital property. The trial court included only those pension benefits earned during the second marriage in the marital estate and excluded those earned during the first marriage.

## ISSUE

Are non-vested, unmatured pension rights earned during the parties' first marriage to each other a part of the marital estate in a proceeding to dissolve the parties' remarriage?

## ANALYSIS

On April 1, 1983, during the parties' second marriage, the Minnesota Supreme Court held that non-vested, unmatured pension rights are within the definition of "marital property" under Minn.Stat. § 518.-54, subd. 5 (1982). *Janssen v. Janssen*, 331 N.W.2d 752 (Minn.1983).[1] Although she apparently did not raise a claim to pension rights in the dissolution proceedings for the first marriage, appellant now claims that the pension rights respondent earned during the first marriage should be included in the marital property divided in this dissolution proceeding.

 Under Minn.Stat. § 518.54, subd. 5 property acquired before marriage is non-marital property. The pension rights at issue here were acquired before the second marriage and thus are not part of the estate of the second marriage. Although the legislature has provided a method for revoking the effect of a dissolution decree after the parties remarry each other, Minn. Stat. § 518.25 (1982), that procedure was not followed here. The procedure established in *Steele v. Steele*, 304 N.W.2d 34 (Minn.1981) also does not apply. *Steele* allows a party to seek amendment of a dissolution decree when marital property has been omitted from the decree. The pension rights at issue here were omitted, if at all, only from the decree dissolving the first marriage. That decree might have been the subject of a proper motion for amendment provided the requirements of *Steele* had been met. The only matter before this court and the trial court is the dissolution of the second marriage.

## DECISION

We affirm the judgment of the trial court excluding respondent's non-vested, unmatured pension benefits earned during the parties' first marriage from the marital property divided in the dissolution of their remarriage.

Affirmed.

1. Respondent argues that *Janssen* has only prospective application. The authorities respondent cites, however, concern the application of a decision *overruling* prior judicial decisions. In *Janssen* the supreme court decided a question of statutory interpretation without overruling any previous interpretations. When a decision does not alter existing common law rules or statutory interpretations the reasons for only applying it prospectively do not exist. *See Record v. Metropolitan Transit Commission*, 284 N.W.2d 542, 548 (Minn.1979).