**In re the Marriage of Mark McCarty WILSON, Appellant,**

v.

**Elaine Marie WILSON, n/k/a Elaine Marie Hauff, Respondent.**

No. C8–85–2081.

Court of Appeals of Minnesota.

June 17, 1986.

Review Denied Aug. 20, 1986.

Edward L. Winer, Dale M. Wagner, Moss & Barnett, Minneapolis, for appellant.

M. Sue Wilson, Wilson & Pomerene, P.A., Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and FOLEY and WOZNIAK, JJ.

## MEMORANDUM OPINION

LANSING, Judge.

Mark Wilson appeals the trial court's order in a dissolution action dividing the marital property and granting Elaine Hauff an equitable award to compensate for her financial support of Wilson while he attended dental school and obtained a master's degree in periodontics. We affirm.

### FACTS

Mark Wilson and Elaine Hauff were married in August 1974. At the time of their marriage, Wilson had a bachelor's degree in chemistry and Hauff had a master's degree in educational psychology. Wilson began dental school in September 1974 and received his dental degree in December 1977. He began a master's degree program in periodontics in March 1978 and graduated in June 1980.

While Wilson was in school, Hauff worked, usually full-time, as a teacher in the Minnesota community college system. She had earned 53 credits toward her PhD before the marriage and completed 36 credits during the marriage by taking evening classes. The parties separated in November 1982. Hauff began working on her

PhD dissertation after the separation and received that degree in May 1985.

The amended judgment and decree of dissolution were entered in October 1985. The trial court found that Wilson's financial contributions from 1975 through his graduation, including student loans, totalled $34,924.65. His educational costs were $12,500. Hauff's income for the same period was $65,230.50. The court reasoned that

> [Wilson]'s earnings in the two years between the completion of his dental degrees and the parties' separation were not sufficient to reimburse [Hauff] for her financial contributions to [Wilson]'s education. The parties' separation occurred too shortly after [Wilson]'s completion of his periodontal degree to allow them to acquire any significant assets with which to reimburse [Hauff] for her extensive financial contributions to his education.

The trial court ordered Wilson to pay Hauff $21,409.92 as an equitable payment.[1]

The trial court did not value the homestead because of the disparity of the parties' estimates, ranging from $99,000 to $125,000, with encumbrances of $63,409. The court ordered the homestead sold and awarded Hauff $28,461 of whatever proceeds obtained, with any balance to be divided equally. The court divided the remaining marital property, valued at approximately $51,000, equally. The court apportioned a marital debt of $3,500 equally between the parties and held Wilson solely responsible for $2,460 in debt which it determined he had incurred. No maintenance was ordered.

■ 1. Wilson argues that the trial court abused its discretion in granting a restitutionary award to Hauff. The award

of $21,409 was within the trial court's discretion and in accord with the principles enunciated in *DeLa Rosa v. DeLa Rosa,* 309 N.W.2d 758–59.

■ 2. The trial court did not abuse its discretion in dividing the marital property equally between the parties, *see Miller v. Miller,* 352 N.W.2d 738, 742 (Minn.1984), or in apportioning to Wilson the debts he incurred for his own purposes, *see Filkins v. Filkins,* 347 N.W.2d 526, 529 (Minn.Ct.App. 1984).

Wilson contends the court should have awarded him the homestead subject to a lien payable to Hauff. We recognize that trial courts often award the homestead to one spouse subject to a lien payable to the other spouse. This practice provides for "continued occupancy of the homestead by the parties' minor children." *Kerr v. Kerr,* 309 Minn. 124, 127, 243 N.W.2d 313, 315 (1976). Wilson and Hauff did not have children. They disagreed on the value of the home, and the trial court chose to resolve the dispute by ordering the sale of the homestead and a division of the proceeds. The trial court did not abuse its discretion in ordering the homestead sold.

**DECISION**

Affirmed.

WOZNIAK, J., dissents.

WOZNIAK, Judge (dissenting).

With brevity, the majority concludes that the trial court did not abuse its discretion in ordering appellant to pay equitable restitution. With equal brevity, I conclude that this case is controlled by *Ellesmere v. Ellesmere,* 359 N.W.2d 48 (Minn.Ct.App. 1984), and that the trial court abused its discretion.[1]

---

1. The amount was calculated by using the formula set out in *DeLa Rosa v. DeLa Rosa,* 309 N.W.2d 755 (Minn.1981):

   working spouse's financial contributions to joint living expenses and educational costs of student spouse

   less

½ (working spouse's financial contributions plus student spouse's financial contributions less cost of education).
*Id.* at 759.

1. I further note that in this case the parties owned sufficient assets such that the "just and equitable division of the marital property" mandated by Minn.Stat. § 518.58 (1984) should have

negated any need for the trial court to make its equitable award of restitution. Also, a strict, mechanical application of the *DeLa Rosa* formula is not warranted where the parties lived to-gether and accumulated assets for two years following appellant's graduation, and remained married and accumulating more assets for an additional three years after their separation.