**In re the Marriage of Audrey C. JOHNSON, petitioner, Respondent,**

**v.**

**James V. JOHNSON, Appellant.**

**No. CO-86-836.**

Court of Appeals of Minnesota.

Sept. 16, 1986.

Charles A. Krekelberg, Pelican Rapids, for respondent.

David Gronbeck, Hagberg & Gronbeck, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ. with oral argument waived.

## OPINION

HUSPENI, Judge.

James Johnson appeals from an amended dissolution judgment providing that he and respondent, Audrey Johnson, should share equally in the costs and benefits of a buy-back provision of appellant's federal pension plan. Appellant argues that the trial court did not have jurisdiction to amend the judgment as rendered by the district court appellate panel; payment of the buy-back pension benefits to respondent should have been delayed for one year and the trial court should have applied a fractional formula to the buy-back portion of the pension benefits to reflect the fact that appellant had worked and contributed to the pension fund after the dissolution. We affirm in part, reverse in part and remand.

## FACTS

The parties' marriage was dissolved by a judgment entered on December 7, 1982, which provided for an approximately equal division of the marital property. Included in appellant's portion of the marital property were his pension benefits under the Federal Civil Service Retirement Law. In its findings, the trial court indicated a pension "cash surrender value" of $20,113.36, an actuarial "value annual pension" of $16,-546.00 and the "current value of payments" of $159,518.00. It concluded that the pension had a current value of $20,-113.36.

The judgment was appealed to a district court appellate panel. The panel issued an order in July 1983 finding that an accurate valuation of the pension benefits was not possible at the present time and that the "reserved jurisdiction method" as described

in *Taylor v. Taylor*, 329 N.W.2d 795 (Minn. 1983), should have been utilized.

The panel determined that respondent and appellant should share equally in the pension benefits when they were paid. The panel further found that appellant's benefits would have been $1,330 at the time of the dissolution and therefore respondent was entitled to $665 a month. The panel also noted that:

Under the trial court's order, appellant was awarded property valued at $49,500, while respondent was awarded property valued at $53,516.08. Respondent's award included $20,113.36 for the pension. Because we have determined that the pension is to be divided upon receipt, that amount must be removed from respondent's award, leaving the values awarded to appellant and respondent at $49,500 and $33,516.08, respectively. In order to equal the amounts out, respondent is to receive the entire first year's payments totalling $15,960. This brings the total award, excluding the pension, to $49,500 for the appellant and $49,476.08 for the respondent.

Appellant petitioned for a rehearing in October 1983, claiming that he had new evidence. He stated that he had worked for the Federal Civil Service for twelve years and then left his position, withdrawing $4,773 from his pension benefit at that time. Later he returned to employment with the Federal Civil Service. Appellant claimed this information was not in evidence previously and was important because the withdrawal meant his pension would only be $754 per month instead of $1,330 per month. To receive the entire $1,330 per month as indicated in the appellate order, appellant would have to "buy-back" into the pension fund at a cost of $8,660.96. He acknowledged that the buy-back would be beneficial to both parties but claimed he could not afford the expenditure. Because the payments would only be $754 per month without a "buy-back", appellant requested that he receive the entire pension payment for 21 months instead of 12 months to equalize the property division.

The appellate panel issued an order on January 25, 1984, denying appellant's petition for rehearing but clarifying its earlier order by stating:

[I]t was [appellant's] uncontradicted testimony that the amount of the pension benefits would be $1330 each month and the fact that [appellant] now asserts that the pension benefits are only $754 each month does not constitute newly discovered evidence.
* * * It was the intention of this Court that the pension benefits were to be shared equally by the parties, regardless of the dollar amount. Therefore, any reference to a monthly dollar amount for the pension, should be considered illustrative only.

On November 26, 1984, appellant brought a motion to the trial court requesting that the trial court amend the judgment to provide respondent would receive pension benefits of $399.50 a month and that respondent would not be entitled to any increases in the benefits if appellant took advantage of the opportunity to buy back the remainder of his pension benefits. Appellant claimed that the trial court had jurisdiction to decide this issue because the appeal panel had ordered the trial court to use the "reserved jurisdiction" method for valuing the pension benefits.

In an order dated April 2, 1985, the trial court determined that the buy-back was a marital asset and as such both parties could share in one-half the cost of the buy-back and one-half the increased benefits. If either party chose not to participate, the remaining party could buy back the entire amount and receive the entire increase in benefits. The trial court indicated that if each party paid one-half of the buy-back cost then both were entitled to receive one-half of the benefit immediately.

Appellant once again brought a motion asking the court to apply the same fractional formula to the buy-back benefits that it was using on the other pension benefits. This formula took into account the fact that appellant had paid into his pension fund for a period of time after the dissolu-

tion.[1] The trial court denied this motion and entered an amended judgment on February 14, 1986, noting that both parties had by then contributed equally to the buy-back and reiterating the provisions in its earlier orders.

## ISSUES

1. Did the trial court have jurisdiction to determine the distribution of the buy-back portion of appellant's pension benefits?

2. Did the trial court err by not delaying respondent's receipt of the buy-back portion of the pension benefits to equalize the property division?

3. Did the trial court err by awarding respondent one-half of the buy-back portion of the pension benefits rather than applying the fractional formula used for the remainder of the pension benefits?

## ANALYSIS

### I.

■ Appellant, who argued repeatedly at the trial court level that the trial court did have jurisdiction to hear his motions on division of the buy-back benefits, now claims that the trial court did not have such jurisdiction. We disagree.

Under Minn.Stat. § 518.64, subd. 2 (1984) divisions of property are final and may not be modified except upon a showing of fraud, duress or mistake. *Kerr v. Kerr*, 309 Minn. 124, 243 N.W.2d 313 (1976). In the present case, however, the issue of the buy-back pension benefits was raised for the first time in appellant's petition for rehearing to the appellate panel. That motion was denied. The previous orders of the trial court and appellate panel had not addressed this specific item of marital property. It was within the trial court's

power to apply the intent of the earlier orders to this specific property. *See Steele v. Steele*, 304 N.W.2d 34, 35 (Minn.1981); *see also Stieler v. Stieler*, 244 Minn. 312, 70 N.W.2d 127 (1955).

### II.

■ Appellant next argues that the trial court erred by making one-half of the buy-back pension benefits payable to respondent immediately instead of allowing appellant to receive all benefits for one year.

The order of the appellate panel notes the disparity in the property division which awarded respondent property of $15,984 greater value than appellant received. In an attempt to equalize this award the appellate panel, assuming that the pension benefits would be $1,330 per month, ordered that "[appellant] is to receive the entire first year's payments totalling $15,-960." [2]

By permitting respondent to begin receiving immediately those pension payments attributable to the buy-back, the trial court reduced appellant's first year pension fund receipts to just over $9,000. This is nearly $7,000 less than the appeal panel intended. The trial court erred in not assuring that appellant would receive what the appeal panel directed: the first $15,960 of pension payments. Respondent will be compensated fully for the funds she contributed to the buy-back when in the future she will receive one-half of $1,330 rather than one-half of $754 each month.

### III.

■ To divide the pension benefits, the trial court used a fractional formula that took into account the fact that appellant had worked and paid into the pension fund after the dissolution. However, in dividing

1. The trial court determined that the fraction of appellant's pension that represented marital property was 30/34ths. This determination is not challenged on appeal.

2. We note that the disposition ordered by the panel did not achieve a totally equal division of marital property. Appellant was already enti-

tled to half the pension benefits. Therefore, the division as ordered by the panel resulted in half of the $15,960 being satisfied from pension funds otherwise payable to respondent and half from pension funds already payable to appellant. However, appellant has not challenged the appeal panel's arithmetic calculations.

the portion of the pension attributable to the buy-back, the trial court did not use this formula. Instead each party was awarded exactly one-half of the benefits. Appellant argues that the fractional formula should have been used for the buy-back portion of the benefits because these benefits were also increased by the time he worked after the dissolution.

The valuation and division of pension benefits is generally a matter within the trial court's discretion and such determinations will not be reversed by this court absent a clear abuse of discretion. *Taylor v. Taylor,* 329 N.W.2d 795, 798 (Minn.1983). The trial court notes in its order amending the judgment that the parties made equal contributions in order to receive the buy-back pension benefits. The trial court was certainly aware of the fractional formula and chose not to apply the formula to the buy-back portion of the pension benefits. Such a decision was within its discretion.

### DECISION

The trial court had jurisdiction to amend the dissolution judgment to include the division of pension benefits not previously considered.

Respondent's receipt of the buy-back portion of the benefits should have been delayed for one year to comply with the appellate panel's intent to equalize division of the marital property. On remand the pension payments to the parties should be adjusted to reflect the amounts indicated in the appellate panel's order.

The trial court's award of one-half of the buy-back portion of the pension benefits to each party was within its discretion.

Affirmed in part, reversed in part and remanded.