**In re the Marriage of Douglas Clifford URBICK, Petitioner, Respondent,**

**v.**

**Rose Ann URBICK, Appellant.**

**No. C2-91-335.**

Court of Appeals of Minnesota.

Sept. 10, 1991.

John D. Undem, Grand Rapids, for respondent.

Thomas J. Bieter, Duluth, for appellant.

Considered and decided by PETERSON, P.J., and FOLEY and KALITOWSKI, JJ.

### OPINION

PETERSON, Judge.

The trial court entered a judgment and decree dissolving the parties' marriage. Rose Ann Urbick appeals from the trial court's conclusion that pension rights and benefits earned by respondent during the first marriage between the parties were not part of the marital estate to be divided in the decree dissolving the second marriage between the parties. We affirm.

### FACTS

Appellant Rose Ann Urbick and respondent Douglas Clifford Urbick were married for the first time on May 1, 1970. That

marriage was dissolved on January 4, 1978. The parties entered into a stipulation covering all matters in the dissolution. The judgment and decree of dissolution did not address pension benefits respondent earned during the marriage.

On October 31, 1979 the parties remarried. During the second marriage respondent continued to accumulate pension credits. Respondent's pension benefits are payable at an unreduced rate after 30 years of service, or at age 62 with 15 years of service, or age 65 with 5 years of service, provided respondent is actively at work at the time of retirement. Respondent now has over 30 years of service. He may retire at any time and collect the pension benefits.

Respondent petitioned for dissolution of the second marriage in 1989. During the dissolution proceedings appellant claimed that the pension rights earned by respondent during both the first and the second marriage should be considered marital property. The trial court concluded that only those pension benefits earned during the second marriage should be included as marital property and excluded from the marital estate the pension benefits earned during the first marriage.

### ISSUE

Are vested and matured pension rights earned during the parties' first marriage part of the marital estate in proceedings to dissolve the parties' second marriage?

### ANALYSIS

Under Minn.Stat. § 518.58 (1990) the trial court is to make a "just and equitable division of the marital property." Marital property is defined as "property, real or personal, including vested public or private pension plan benefits or rights, acquired by the parties, or either of them, to a dissolution * * * *at any time during the existence of the marriage relation between them* * * *."* Minn.Stat. § 518.54, subd. 5 (1990). (Emphasis added.)

In *Blomberg v. Blomberg*, 367 N.W.2d 643 (Minn.App.1985), this court addressed a factual situation almost identical to the present case. In *Blomberg*, the parties were married a first time and then divorced. The dissolution decree divided most of the parties' property, but did not address the pension rights earned by respondent during that marriage. The parties married a second time and then divorced again. In the second dissolution the trial court included the pension benefits earned by respondent during the second marriage as marital property and excluded benefits earned by respondent during the first marriage. *Id.* at 644. This court affirmed the trial court, holding that pension rights acquired during the first marriage were non-marital property because they were acquired prior to the second marriage and, as such, were not part of the estate of the second marriage. *Id.*

In the present case, the disputed pension benefits were also earned during the first marriage and were not addressed in the dissolution decree for that marriage. Appellant would distinguish *Blomberg* because the pension benefits in *Blomberg* were "non-vested and unmatured" while respondent's benefits in this case are vested and matured. Whether pension benefits earned during the first marriage are vested and matured or non-vested and unmatured is immaterial. The non-vested, unmatured pension benefits in *Blomberg* were not excluded from the marital estate because they were nonvested and unmatured, they were excluded because they were not earned during the marriage being dissolved. As in *Blomberg*, "the only matter before this court and the trial court is the dissolution of the second marriage." *Id.* Respondent's pension benefits earned prior to the parties' remarriage, which is now being dissolved, even though vested and matured, are not marital property subject to division under Minn.Stat. § 518.54, subd. 5.

### DECISION

We affirm the trial court's judgment excluding the vested and matured pension benefits earned by respondent during the parties' first marriage from the marital

estate to be divided by the decree dissolving the parties' second marriage.

Affirmed.