**Carolyn Marie FAUSCH, Respondent,**

v.

**Richard Ray FAUSCH, Appellant.**

**No. C0–97–542.**

Court of Appeals of Minnesota.

Sept. 2, 1997.

Ruth M. Harvey, Chesley, Kroon, Chambers, Ingman & Harvey, Mankato, for respondent.

Brian M. Olsen, Brian M. Olsen Law Office, Cokato, for appellant.

Considered and decided by NORTON, P.J., and SCHUMACHER and WILLIS, JJ.

## OPINION

SCHUMACHER, Judge.

Richard R. Fausch (husband) appeals from an order holding homestead sale proceeds in escrow pending the outcome of respondent Carolyn M. Fausch's (wife) separate personal injury action against him, arguing the district court improperly attached his portion of the homestead sale proceeds, which were awarded to him in the judgment and decree. We reverse.

## FACTS

Husband and wife were divorced on July 17, 1996. The judgement and decree divided property and ordered the homestead to be sold. The judgment and decree also reserved to wife the right to pursue a personal injury action against husband.

On September 3, 1996, wife initiated a personal injury action against husband for an alleged assault and battery against her during their marriage. On September 26, 1996, the homestead was sold for $90,052.56, and the sale proceeds were held in escrow pending distribution.

On November 4, 1996, wife moved for default judgment in the personal injury action and also moved to have the homestead sale proceeds held in escrow pending the outcome of the personal injury action. On November 22, 1996, husband moved the family court to distribute the homestead sale proceeds pursuant to the judgment and decree.

The trial court heard arguments for both motions and ordered the homestead sale proceeds to be held in a trust account with the court administrator pending the outcome of the personal injury action. Husband appeals.

## ISSUE

Did the district court err in ordering the homestead sale proceeds to be held in escrow pending the outcome of the personal injury action?

## ANALYSIS

Husband argues the district court improperly ordered the homestead sale proceeds to be held pending the outcome of wife's personal injury action. We agree.

A reviewing court is not bound by the district court's decision on purely legal issues. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utilities Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

The district court ordered the homestead proceeds held pending the conclusion of the personal injury action based on the following: (1) wife has a right to bring a tort action; (2) husband's proceeds are likely to be the only asset remaining to pay a judgment; and (3) husband's lack of good faith in the dissolution proceedings.

Except in cases of fraud or mistake, property divisions are final and not subject to modification. Minn.Stat. § 518.64, subd. 2(d) (1996); *Kerr v. Kerr,* 309 Minn. 124, 126, 243 N.W.2d 313, 314 (1976). While the record shows evidence of bad faith by husband, there is no evidence of fraud or mistake in

the allocation of the homestead sale proceeds.

The property division was final once the time to appeal expired. To allow wife to hold up that disbursement by filing a separate lawsuit vitiates the finality of the property division. In essence, the district court altered the property division. We hold that such an action is an improper modification of the property division.

### DECISION

The district court erred in ordering the homestead sale proceeds to be held in escrow pending the outcome of the personal injury action when the proceeds were part of the final property division in the judgment and decree.

**Reversed.**