*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0093**

In re the Marriage of: Andrew James Carl Trupe, petitioner,
Appellant,

vs.

Christin Marie Sohns,
Respondent.

**Filed January 4, 2016
Affirmed in part and reversed in part
Hooten, Judge**

Sherburne County District Court
File No. 71-FA-14-115

Ryan L. Kaess, Kaess Law, LLC, St. Paul, Minnesota (for appellant)

Erik F. Hansen, Carl G. Peterson, Golden Valley, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Chutich, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

In this appeal challenging the district court's dissolution judgment, appellant husband argues that the district court erred by ordering him to make certain payments to respondent wife and by awarding attorney fees. We affirm in part and reverse in part.

**FACTS**

Appellant Andrew James Carl Trupe and respondent Christin Marie Sohns were married on September 27, 2013. The parties separated in late December 2013, and Trupe petitioned for marital dissolution on March 7, 2014. The district court held a trial on the petition on October 22, 2014, and entered a judgment and decree on December 18, 2014, dissolving the marriage, ordering Trupe to make certain payments to Sohns, and awarding Sohns conduct-based attorney fees. Trupe appealed from the judgment and decree.

**D E C I S I O N**

**I.**

Trupe challenges the district court's order that he make certain payments to Sohns. Specifically, Trupe argues that the district court erred by ordering him to reimburse Sohns for their wedding expenses and the security deposit on the parties' apartment and to pay Sohns a portion of the increase of his bank accounts.

**Wedding Expenses**

Trupe first challenges the district court's order that he reimburse Sohns $6,090.40 for his share of the wedding expenses. The parties spent $26,180.82 on their wedding. Sohns' parents gave her a $12,000 gift to be used for wedding expenses. Trupe spent approximately $1,000 of his own money on wedding expenses, and Sohns paid the rest with her own funds. In calculating Trupe's share of wedding expenses, the district court deducted the $12,000 gift given by Sohns' parents, halved the remaining amount, and gave Trupe credit for his $1,000 contribution.

At trial, Sohns testified that she and Trupe had discussed combining their accounts before the wedding, but had agreed to keep the accounts separate in order to control how much money was spent on wedding expenses. Sohns explained, "If I only spent money that I had access to in my accounts, then we would still have money set aside for a house." Sohns testified that she paid the wedding expenses with the understanding that Trupe would contribute significantly to the purchase of a house, but no house was purchased during the marriage. Sohns stated that after the wedding, she and Trupe "didn't per se talk about splitting wedding expenses, but . . . did have conversations about the fact that I had paid so much for the wedding that I didn't have money to contribute to a down payment for a house." Furthermore, Sohns testified that after Trupe announced that he wanted to get a divorce he said that he would reimburse Sohns' parents for the wedding expenses. Sohns' father testified that before the wedding Trupe had mentioned to him that he was saving up for a house.

Trupe testified that he never promised to reimburse Sohns for wedding expenses and that there was never any discussion of her paying for the wedding in exchange for him putting a down payment on a house. When asked whether he promised to pay Sohns' parents back, Trupe stated, "I made a vague statement that I could repay her parents some money. . . . "

The district court ordered Trupe to reimburse Sohns for his share of the wedding expenses. The district court found that Trupe represented that he would make a down payment on a house if Sohns paid for the wedding and that Sohns relied on this representation. The district court observed that Trupe had significant sums of money in

3

his bank accounts at the time of the wedding and found that "[t]he parties mutually decided not to co-mingle their bank accounts because [Trupe] thought it would help keep the wedding expenses from becoming out of control and leave money for a downpayment on a house." The district court further found that "both parties understood the wedding expenses were a joint obligation." In ordering Trupe to reimburse Sohns for a portion of the wedding expenses, the district court cited *Johnston v. Johnston*, 280 Minn. 81, 86, 158 N.W.2d 249, 254 (1968), for the proposition that district courts have inherent authority to grant equitable relief based on the specific facts of each case.

Trupe argues that the district court abused its discretion by ordering him to reimburse Sohns for wedding expenses under the principles of equity.[1] Specifically, Trupe contends that Minnesota cases awarding equitable relief in a dissolution case are distinguishable from the present case. This court reviews an equitable award in a marital dissolution action for an abuse of discretion. *See DeLa Rosa v. DeLa Rosa*, 309 N.W.2d 755, 758 (Minn. 1981) (applying an abuse of discretion standard to the district court's equitable award). An abuse of discretion occurs when a district court misapplies the law or makes findings unsupported by the evidence. *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 716 (Minn. App. 2009), *review granted* (Minn. Sept. 29, 2009) *and appeal dismissed* (Minn. Feb. 1, 2010). A district court's findings of fact will not be set aside unless they

---

[1] We acknowledge that this case presents an issue regarding whether the wedding expenses were marital or non-marital debts. However, as neither party argued this issue in their briefs, we will not address it. *Melina v. Chapman*, 327 N.W.2d 19, 20 (Minn. 1982). Instead, we solely address Trupe's argument that the district court abused its discretion by ordering him to reimburse Sohns under equitable principles.

are clearly erroneous.  *Passolt v. Passolt*, 804 N.W.2d 18, 25 (Minn. App. 2011), *review denied* (Minn. Nov. 15, 2011).

"[D]istrict courts are guided by equitable principles in determining the rights and liabilities of the parties upon a dissolution of the marriage relationship." *DeLa Rosa*, 309 N.W.2d at 758.  In awarding equitable relief in a dissolution proceeding, the district court may consider factors such as whether there was an expectation of repayment between the spouses, the length of the marriage, and the existence of a spousal maintenance award or property settlement.  *Id.* (discussing the lack of marital property and the wife's reasonable expectation of a higher standard of living through her financial support of her husband during his education in concluding that the district court did not err in granting an equitable award); *Englund v. Englund*, 286 Minn. 227, 230, 175 N.W.2d 461, 463 (Minn. 1970) (declining to award wife reimbursement for joint living expenses when there was no expectation of repayment); *Davey v. Davey*, 415 N.W.2d 84, 87–88 (Minn. App. 1987) (affirming the district court's denial of reimbursement for medical education costs when the parties had been married for 20 years and the wife had had the opportunity to enjoy the standard of living that resulted from her husband's education), *review denied* (Minn. Jan. 20, 1988).

Trupe argues that Minnesota courts are hesitant to award equitable relief in dissolution cases and that such an award is inappropriate given the circumstances of this case.  But, Minnesota courts have awarded equitable relief when appropriate.  *See, e.g., Bauerly v. Bauerly*, 765 N.W.2d 108, 111 (Minn. App. 2009) (finding that equitable relief was applicable in compensating for overpayment of child support).

Many of the dissolution cases granting equitable relief involve reimbursement for financial support given during a spouse's education when the parties divorced before the supporting spouse experienced an increase in his or her standard of living attributable to the other spouse's education. *See, e.g.*, *DeLa Rosa*, 309 N.W.2d at 758 (finding that the district court did not abuse its discretion in making an equitable award to wife where wife supported husband through college and medical school, but the parties divorced before husband completed medical school); *Wilson v. Wilson*, 388 N.W.2d 432, 433 (Minn. App. 1986) (affirming equitable award when wife had supported husband through dental school and the parties separated two years after the completion of husband's dental degrees), *review denied* (Minn. Aug. 20, 1986).

The facts of the present case are analogous to the cases awarding equitable relief. Sohns paid a disproportionate share of costs associated with the parties' wedding with the expectation that she would be compensated in the future, not by an increased standard of living, but by Trupe's funds being used to put a down payment on a house. While Trupe denied that he and Sohns had agreed that he would make a down payment on a house if she paid for the wedding, the district court found Sohns' testimony to be credible. As a reviewing court, we defer to the district court's credibility determinations. *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000). The district court did not award either party spousal maintenance and, due to the brevity of the marriage, the parties had not accumulated significant marital property. And, because the parties separated after only three months of marriage and Trupe filed for divorce shortly thereafter, Sohns' reasonable expectation that Trupe would make a down payment on a house was unrealized.

6

Given the unique circumstances in this case, particularly in light of the unusually short duration of the marriage and Sohns' reasonable understanding that Trupe would use his savings to purchase a house in exchange for her paying most of the wedding expenses, we hold that the district court did not abuse its discretion in ordering Trupe to reimburse Sohns for a portion of the wedding expenses.

**Security Deposit**

Trupe contends that the district court erred by ordering him to reimburse Sohns for half of the security deposit on their apartment. Prior to the marriage, Sohns paid a security deposit on the parties' apartment. At the end of the lease, Trupe received half of the security deposit. The district court ordered Trupe to repay Sohns the half of the security deposit that he had received.

Trupe argues that he is entitled to half of the security deposit because he paid the monthly rent on their apartment for a ten-month period. But, Sohns testified that she and Trupe had agreed that Trupe would pay the rent, and Sohns would pay the other expenses, including electricity, cable, internet, cell phones, and groceries. Furthermore, Sohns testified that she and her parents cleaned the apartment at the end of the lease. The district court noted that Trupe "did not assist with cleaning the apartment, which would have been a necessary requirement in order to have the deposit returned." Because Sohns paid the security deposit, substantially contributed to the parties' living expenses, and completed the necessary requirements for getting the security deposit returned, the district court did not err in ordering that Trupe reimburse Sohns for the half of the security deposit that he received.

**Bank Accounts**

Trupe also contests the district court's order that he make a $1,083.12 payment to Sohns from his bank account. Trupe appears to argue that Sohns contributed to the length of the proceeding and therefore should not get a windfall. This argument, however, is not relevant in evaluating the district court's property division decision. Furthermore, ordering Trupe to make a payment to Sohns was within the discretion of the district court. "District courts have broad discretion over the division of marital property and appellate courts will not alter a district court's property division absent a clear abuse of discretion or an erroneous application of the law." *Sirek v. Sirek*, 693 N.W.2d 896, 898 (Minn. App. 2005). The district court found that Trupe's bank accounts had a combined increase of $2,166.25 between the date of the marriage and the date of the scheduling conference, while Sohns' bank accounts had a combined decrease of $3,328.51 during the same period. The district court ordered that Trupe pay Sohns $1,083.12, half of the increase in Trupe's bank accounts. The district court did not abuse its discretion in ordering Trupe to pay Sohns half of the amount his bank accounts increased during the marriage.

## II.

Trupe challenges the district court's decision regarding attorney fees. Trupe argues that the district court erred by awarding Sohns $3,000 in conduct-based attorney fees and by refusing to award Trupe conduct-based attorney fees.

A district court has discretion to award attorney fees against "a party who unreasonably contributes to the length or expense of the proceeding." Minn. Stat. § 518.14, subd. 1 (2014). "An award of attorney fees rests almost entirely within the

8

discretion of the trial court and will not be disturbed absent a clear abuse of discretion." *Crosby v. Crosby*, 587 N.W.2d 292, 298 (Minn. App. 1998) (quotation omitted), *review denied* (Minn. Feb. 18, 1999).

**Award of Attorney Fees to Sohns**

Trupe argues that the district court erred in awarding Sohns $3,000 in conduct-based attorney fees. In awarding Sohns attorney fees, the district court stated that Trupe unreasonably contributed to the length and expense of the proceeding by refusing to participate in an alternative dispute resolution (ADR) process and by refusing "to recognize the [c]ourt's authority to require reimbursement for wedding expenses . . . even after the [c]ourt denied his motion seeking dismissal on the issue of wedding expenses."

All civil cases are subject to ADR processes, unless an exception applies. Minn. R. Gen. Pract. 114.01. It is undisputed that the parties did not engage in any formal mediation. But, in its scheduling order, the district court specifically determined that ADR was not applicable because the case involved "limited issues that call for a legal conclusion." As the district court itself exempted the parties from ADR, Trupe's refusal to participate in mediation is not a proper reason for awarding conduct-based attorney fees.

Likewise, the district court abused its discretion in holding that Trupe unreasonably contributed to the length and expense of the proceeding by continuing to argue that the district court could not order him to reimburse Sohns for the wedding expenses. An award of conduct-based attorney fees is unwarranted when a party presents a "colorable legal argument[]." *Kitchar v. Kitchar*, 553 N.W.2d 97, 104 (Minn. App. 1996), *review denied* (Minn. Oct. 29, 1996).

9

Here, Trupe moved for sanctions under Minn. R. Civ. P. 11, arguing that Sohns' claim of wedding expenses was brought in bad faith and for improper purposes and was not warranted under existing law. The district court denied Trupe's motion for sanctions because Trupe "provided no authority to establish that wedding expenses are outside the realm of the [c]ourt's equitable authority in a dissolution action." In awarding conduct-based attorney fees to Sohns, the district court reasoned that Trupe continued to argue that the district court could not order him to reimburse Sohns for the wedding expenses after the district court had already ruled that Sohns had a legal basis for her argument.

By refusing to impose sanctions under rule 11, the district court determined that Sohns' claim for reimbursement of wedding expenses was "warranted by existing law." Minn. R. Civ. P. 11.02(b). However, this legal determination that Sohns could *assert* a legal claim for reimbursement of wedding expenses did not resolve the issue of whether, under the facts, she was *entitled* to reimbursement. A party does not unreasonably contribute to the length of a proceeding by asserting its right to proceed to trial when the outcome of the claim depends on the resolution of factual disputes. *See Mize v. Kendall*, 621 N.W.2d 804, 807–09 (Minn. App. 2001) (holding that the district court abused its discretion in awarding conduct-based attorney fees to respondent where appellants asserted a claim that could only be resolved after a factual determination), *review denied* (Minn. Mar. 27, 2001). Because the parties disputed the facts leading up to the wedding and whether there was an agreement or understanding regarding the payment of wedding expenses, these issues of material fact had to be resolved at trial. To the extent that the district court based its award of conduct-based attorney fees upon Trupe's insistence that

10

he pursue his trial rights in resolving these factual disputes, the district court abused its discretion. We therefore reverse the district court's award of conduct-based attorney fees to Sohns.

**Denial of Attorney Fees to Trupe**

Trupe also challenges the district court's decision not to order Sohns to pay any of Trupe's attorney fees. Trupe argues that he should have been awarded conduct-based attorney fees because there were no grounds to support Sohns' request for reimbursement of wedding expenses. But, the district court awarded Sohns wedding expenses under the principles of equity, which we affirm. Moreover, the district court made no findings that support an award of conduct-based attorney fees to Trupe. As a result, the district court's decision not to award Trupe attorney fees was not an abuse of discretion.

**Affirmed in part and reversed in part.**