In re the Marriage of Frederick J. MERTENS, Petitioner, Respondent,

v.

Edna I. MERTENS, Appellant.

No. 49245.

Supreme Court of Minnesota.

Nov. 2, 1979.

Milloy & Graham and Marianne M. Milloy, Brainerd, for appellant.

Erickson, Casey & Erickson and John H. Erickson, Brainerd, for petitioner, respondent.

TODD, Justice.

Respondent-appellant, Edna I. Mertens, has appealed from the order of the Crow Wing County District Court granting petitioner-respondent, Frederick J. Mertens', motion to terminate alimony payments and denying her motion to increase alimony payments. Reversed and remanded.

The 15-year marriage of the parties was terminated by judgment and decree of marital dissolution dated August 2, 1977, and amended September 2, 1977. The custody of the one minor male child was awarded to the respondent, Frederick. Appellant was awarded the homestead and other real property, as well as alimony in the amount of $450 per month. At the time of this award, the trial court developed a formula directly relating to respondent's income for use in a potential future modification of the alimony payments.

Shortly after the dissolution of the marriage, appellant, in November 1977, moved to Minneapolis and began residing with another man, sharing his home sporadically until July 1978. Thereafter, until the time of the hearing in the district court, she was at Brainerd State Hospital receiving treatment for chemical dependency.

In June 1978, while appellant was living with the other man, both parties moved the court for modification of the judgment and decree as it related to alimony payments. At that time, the court became aware of the fact that respondent Frederick had failed to make regular alimony payments and that arrearages had accrued in excess of $1,500. The court also was first informed of appellant's cohabitation.

Subsequent to a finding by the court that Frederick Mertens was in contempt, he purged himself of the contempt by the payment of all arrearages. Thereafter, the parties again both sought a modification of the alimony award.

The court granted respondent Frederick's motion to terminate the alimony payments, focusing primarily upon appellant's actions of establishing a meretricious relationship with another man. However, the order was given prospective effect to allow the continued payment during the period of appellant's hospitalization and to allow appellant the opportunity to plan for the cessation of income.

As this court has recently held in *Abbott v. Abbott*, 282 N.W.2d 561 (Minn. 1979), the existence of a meretricious relationship, standing alone, is insufficient to justify the termination of alimony. Instead, it may be one of several grounds "in so far as it might improve an ex-spouse's economic well-being." *Sieber v. Sieber*, 258 N.W.2d 754, 758 (Minn.1977).

The order of the trial court does not reflect its specific consideration of appellant's financial status at the time of the hearing, particularly with regard to her assertion that the meretricious relationship had terminated; her potential for obtaining employment; and whether the relationship improved her economic well being. Without those findings, the alimony termination order cannot stand.

Appellant also argues on appeal that her alimony should have been increased because of the substantial improvement in her former husband's financial condition. However, a favorable change in his economic circumstances without a proved change in her financial needs is not sufficient to justify an increase. *Kaiser v. Kaiser*, 290 Minn. 173, 186 N.W.2d 678 (1971), and *Abbott v. Abbott, supra.*

The matter is therefore remanded to the district court for further proceedings consistent with this opinion.

Reversed and remanded.