In Re the Marriage of Terri Lee
THOMAS, petitioner, Appellant,

v.

Walter James THOMAS, Respondent.

No. C7–84–862.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Sarah C. Mardell, Apple Valley, for appellant.

John F. Bonner, III, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

This appeal is taken from an order dated April 11, 1984, which modified the judgment and decree issued in a dissolution between the parties and denied husband's motion for a new trial, based on fraud in the procurement of the stipulation. We affirm.

## FACTS

The original divorce decree between the parties, ending a ten-year marriage, was entered February 4, 1983, pursuant to a stipulation. Husband was not represented by counsel, having waived that right.

Wife was awarded custody of their two minor children, and husband was ordered to make monthly support payments of $250.00 per child.

As part of the property division, wife was awarded the homestead, subject only to a lien in the amount of 30% of the net proceeds, which would be paid within 30 days following sale of the property. The conditions placed on the lien were that it would become subject to foreclosure upon wife's death or remarriage. The decree further provided that, upon the sale of the homestead, any arrearages owed to wife were to be credited against the amount of the lien.

After transferring jobs in May of 1983, wife, along with the two children, moved to Milwaukee. Wife placed the house up for sale, but was unable to find a buyer. She began to rent the house in August 1983.

On April 11, 1984, the court granted husband's motion to modify the decree to provide that his lien was to be further subject to foreclosure "within 90 days after appellant and the minor children cease using said premises as their homestead, or in any event, no later than February 4, 1989." Husband's motion for a new trial, based on fraud in the procurement of the stipulation, was denied in the same order.

Wife contends the trial court had no authority to allow such a modification because that portion of the decree was in the nature of property settlement, and as such was unmodifiable.

## ISSUES

I. Did the trial court have the authority under Minn.Stat. § 518.64 to modify the divorce decree as it did?

II. Was the trial court's refusal to order respondent to pay certain alleged debts to appellant clearly erroneous?

III. Did the trial court err in not granting a new trial, based on fraud in the procurement of the stipulation?

## ANALYSIS

### I.

In Minnesota, the modification of a divorce decree is governed by Minn.Stat. § 518.64 which provides in pertinent part:

Subdivision 1. After an order for maintenance or support money, temporary or permanent, * * *, the court may from time to time, on petition of either of the parties * * * modify the order respecting the amount of maintenance or support money, and the payment of it, * * * and may make an order respecting these matters which it might have made in the original proceeding, except as herein otherwise provided.

Subd. 2. Modification. * * * Except for an award of the right of occupancy of the homestead, provided in section 518.63, all divisions of real and personal property provided by section 518.58 shall be final, and may be revoked or modified only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state. The court may impose a lien or charge on the divided property at any time while the property, or subsequently acquired property, is owned by the parties or either of them, for the payment of maintenance or support money, or may sequester the property as is provided by section 518.24.

Minn.Stat. § 518.64, subd. 1 (1982) and subd. 2 (Supp.1983).

As stated in *Kerr v. Kerr*, 309 Minn. 124, 243 N.W.2d 313 (1976):

> Under this statute property divisions are final and are not subject to modification except where they are the product of mistake or fraud; provisions for alimony or support, on the other hand, are not final but rather subject to modification by the court upon a showing of a material change of circumstances.

*Id.* at 126, 243 N.W.2d at 314.

Wife argues that husband's lien against the homestead and the conditions upon which it was to be satisfied were solely part of the property division and thus not subject to modification by the trial court. In amending the decree, the lower court took the position that the lien is in the nature of child support and is hence freely modifiable.

We find *Kerr* to be controlling. The facts of *Kerr*, strikingly similar to this case, also involve a divorce decree provision modified on the basis of its being characterized as child support rather than property settlement.

In *Kerr*, the wife was awarded the homestead subject only to a lien in the amount of $5,000.00 in favor of the husband. The decree also provided that upon the sale of the homestead, any arrearages in the husband's child support payments were to be set off against the amount of the lien. The court, while recognizing that the portion of the decree awarding the wife the fee interest in the homestead and the husband a $5,000.00 lien interest was a division of property, held that the provision as a whole constituted one for support. Of particular importance to the court was the postponement of the husband's realization of his share until the sale of the homestead, or the majority or emancipation of the youngest child. This postponement, coupled with the fact that the husband's lien was subject to a setoff for arrearages in child support, led the court to conclude that the provision was intended to encourage the continued occupancy of the homestead by the parties' minor children.

It seems reasonably evident, as the district court concluded, that in this respect—the postponed realization of the amount secured by the lien—the decree operated to encourage the continued occupancy of the homestead by the parties' minor children. The decree could easily have provided for an immediate sale of the homestead and division of the proceeds. Instead, a method of dividing the homestead was chosen which would have the least impact on its occupancy by the children.

*Id.* at 127, 243 N.W.2d at 315.

In the instant case, it is clear to this court that section 6 of the decree awarding wife title to the homestead and husband a lien in the amount of 30% of the net proceeds was a division of property. In that respect, the decree was not subject to modification, nor was it altered by the district court's modification.

What is equally clear, however, is that the second aspect to that provision, the postponement of husband's realization of his share until wife's remarriage or until her death, is in the nature of child support. These realization conditions, like those in *Kerr*, operated to encourage the continued occupancy of the homestead by the parties' minor children and, as such, rendered the provision as a whole one for child support rather than property settlement. Therefore, the provision can be modified upon a showing of material change in circumstances. *Id.* at 126, 243 N.W.2d at 314.

In the *Kerr* case, appellant wife and her four children moved out of the homestead and leased the premises to a third person. This move was the substantial change in circumstances which justified modifying the divorce decree.

In the instant case, wife lived with the children in the homestead for only a few months after the original divorce decree, before moving out and renting the house to a third party. Clearly, the original homestead provisions were no longer necessary to provide for the children. The trial court therefore modified its final judg-

ment and decree so as to order sale in the event of wife's death, remarriage, or termination of use of the house as a homestead, and in any event no later than February 4, 1989. This action was clearly within the court's discretion.

Although wife attempts to distinguish *Kerr*, it is difficult to do so. In *Kerr*, one of the realization conditions placed on husband's lien was the 18th birthday, marriage, or other emancipation of the youngest minor child. Wife contends that satisfaction of the lien being contingent upon cessation of the child support obligation was the critical condition which made the *Kerr* court characterize the provision as child support rather than property settlement. We do not agree. The *Kerr* court held that the *postponed realization* of the amount secured by the lien operated to encourage the continued occupancy of the homestead by the parties' minor children and, in effect, made it security for the payment of child support. *Id.* at 128, 293 N.W.2d 315.

The exact wording of the conditions placed on the lien is not what is important to their causing a property settlement provision to be characterized as child support. What is important is that the sale of the homestead is postponed. Postponed for two reasons: to encourage occupancy of the homestead by the children and to make the lien security for the payment of child support. Thus, the distinction wife draws is an artificial one.

## II.

■ Wife alleges that the trial court erred in refusing to order husband to pay what she claims are debts and attorney's fees owed by him. These amounts, which include medical bills, credit card bills, and legal fees, total $1,349.59. Wife brought these alleged debts to the trial court's attention, and the trial court's findings of fact in its April 11, 1984 order indicate that husband owed wife $445.00, not $1,349.59. Findings of fact made by a court should not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. Wife's claim was heard by the trial court, which examined the evidence and computed the amount due. The lower court's finding is not clearly erroneous.

## III.

According to the Minnesota Rules of Civil Procedure:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

Minn.R.Civ.P. 60.02.

The Minnesota Supreme Court, in applying this rule to dissolution proceedings, has stated that:

> While the rule on its face does not allow relief from that portion of a decree and judgment which actually dissolved the bonds of matrimony, we have allowed a party to attack the other portions of the judgment under such circumstances as amount to a fraud on the court and the administration of justice.

*Berg v. Berg*, 309 Minn. 281, 283–284, 244 N.W.2d 149, 151 (1976). *See also, Bredemann v. Bredemann*, 253 Minn. 21, 25, 91 N.W.2d 84, 87 (1958).

Husband claims that wife and her attorney used fraudulent practices and misrepresentation in procuring the initial stipulation, and that therefore a new trial is required. Wife denies these claims.

■ The fraudulent practices complained of are as follows:

In the stipulation, husband agreed to a 30/70 split of the homestead. He did so relying on wife's attorney's statement that such a split is customary—a statement he now claims is wholly untrue and therefore fraudulent. Additionally, he agreed in the stipulation to pay all the bills. He now claims that wife concealed a telephone bill

totalling $1,137.76 from him at the time of the stipulation.

Finally, when husband questioned wife's attorney regarding the provision obligating him to pay all attorney's fees and costs, wife's attorney replied that the total cost for the divorce would be $350 to $450. Relying on this statement, husband agreed to the provision. The bill he received totalled $952.

The trial court was well aware of husband's cries of fraud, yet concluded "there is insufficient evidence of fraud or mistake to justify the granting of a new trial."

Again, findings of fact made by a court should not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. A close examination of the proceedings herein reveals that the trial court was not clearly erroneous in determining this issue.

### DECISION

The lien in favor of the husband was in effect security for the payment of child support and encouragement for the wife to continue to occupy the homestead with the children. Therefore, the conditions upon which the lien was to be satisfied were not part of the property settlement of the divorce decree, but rather were in the nature of child support, and as such were properly modified by the lower court.

The trial court's finding as to debt owed wife was not clearly erroneous.

The trial court's finding that there is insufficient evidence of fraud or mistake to justify the granting of a new trial was not clearly erroneous.

Affirmed.