**In re the Marriage of Dorothy F. ANGE-LOS, n.k.a. Dorothy F. Ekegren, petitioner, Appellant,**

v.

**Matthew G. ANGELOS, Respondent.**

**No. C9–84–281.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

Review Denied Oct. 24, 1985.

Mary Catherine Lauhead, St. Paul, for appellant.

John C. DeMoss, Minneapolis, for respondent.

Joanne Thatcher Swanson, St. Paul, Rebecca Hanson Frederick, Messerlie, Roe & Kramer, Minneapolis, for amicus curiae Minnesota State Bar Ass'n, Family Law Section.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Pursuant to a stipulation for dissolution, the parties agreed respondent would retain occupancy of the homestead and appellant would receive an equity interest. Appellant challenged respondent's right to continued occupancy of the homestead and moved that a sale be ordered. The trial court denied the motion, and we affirm.

## FACTS

The parties were married on December 1, 1945 and had four children, none of whom were minors at the time of the dissolution. They entered into a stipulation for dissolution of their marriage, and the trial court issued its judgment and decree on March 8, 1977. Each party was awarded the personal property in their possession. Respondent was awarded the parties' homestead, subject to the following obligation to appellant:

(a) If said homestead is sold at any time while [appellant] is alive, said sale shall not be made without the written approval of [appellant] as to sale price and if [appellant] and Respondent cannot agree on said sale price, then application shall be made upon notice to [appellant] to Hennepin County District Court for a final decision as to such sale and sale price. [Appellant] and Respondent shall each have one-half of the net sale proceeds.

(b) Upon the death of [appellant]. if Respondent is surviving, such rights as she might have in said property shall belong to Respondent. Upon the death of Respondent, if [appellant] is surviving, such rights as he might have in said property shall belong to [appellant], subject to the rights of the above named children to own said property in equal shares when both [appellant] and Respondent are deceased. In the event [ap-

pellant] and Respondent should sell said property after either is deceased, one-half of the net proceeds thereof shall belong to the survivor and one-half thereof shall belong to the above named children of the parties.

(c) In the event of the remarriage of either [appellant] or Respondent, the spouse of such remarrying party shall not acquire any interest, title or rights pertaining to the property herein.

On November 4, 1983, appellant moved to amend the judgment requesting (1) the homestead be sold, (2) she receive her share of the equity, (3) cash payments be made to her for one-half the value of respondent's pension, and (4) that she be compensated for nonmarital contributions to the marriage. Alternatively, she moved for the immediate sale of the homestead and distribution of the proceeds. The motion was based on inadequacy of counsel when appellant entered into the stipulation. The district court denied the motion finding there was no mistake, inadvertence, excusable neglect, or fraud in the dissolution proceedings.

On May 8, 1984, we dismissed this appeal for failure to appeal an appealable order. After appellant's motion for reinstatement, appellant appealed the dismissal to the supreme court. The supreme court affirmed in part, and reversed and remanded in part. *See Angelos v. Angelos,* 367 N.W.2d 518 (Minn.1985). We now consider the sole issue remanded to us.

### ISSUE

Should respondent's right to occupy the homestead be modified?

### ANALYSIS

1. The provision regarding occupancy of the homestead was entered into pursuant to a stipulation. It was not imposed by the court after a disputed trial. The supreme court has given important weight to stipulation provisions:

> However, when a stipulation fixing the respective rights and obligations of the parties is central to the award, the trial

court reviewing the original order or decree should view it as an important element because it represents the parties' voluntary acquiescence in an equitable settlement. Although the trial court is vested with broad discretion to determine the propriety of a modification, we have suggested that trial courts exercise that discretion carefully and only reluctantly alter the terms of a stipulation governing maintenance.

*Claybaugh v. Claybaugh,* 312 N.W.2d 447, 449 (Minn.1977) (citation omitted). We believe the stipulation here represented the parties' "voluntary acquiescence" to its terms.

2. Appellant argues her former attorney inadequately represented her and justifies modification of the decree. The trial court found:

> said parties were duly represented by their respective legal counsel when executing said stipulation and throughout the entire dissolution proceedings.

A trial court's findings will not be set aside unless clearly erroneous; the trial court's finding here is not clearly erroneous. Minn.R.Civ.P. 52.01. Voluntary stipulations by the parties when aided by counsel and at arm's length are encouraged and favored by this court as an aid to trial courts.

3. The statute providing for modification of the occupancy of the homestead states:

> The court, having due regard to all the circumstances and the custody of the children of the parties, may award to either party the right of occupancy of the homestead of the parties, exclusive or otherwise, upon a final decree of dissolution or legal separation or proper modification of it, for a period of time determined by the court.

Minn.Stat. § 518.63 (1984).

■ Appellant contends that a standard for modification other than a material change of circumstances should be used. We believe modification of the occupancy of the homestead, like modification of main-

tenance and support, should be allowed only when the party seeking modification can show a material change in circumstances. *See Thomas v. Thomas*, 356 N.W.2d 76, 78 (Minn.Ct.App.1984).

In this case, the only change of circumstance was respondent's remarriage. Remarriage could have been used as a triggering event to force the sale of a homestead occupied by the remarrying spouse. *See id.* at 77. The parties here chose not to include that factor as an event which could force the sale, but they did specifically provide that a person whom a party remarried acquired no property rights in the homestead. In view of these facts, appellant may not now argue that such an event constitutes a sufficient change in circumstances to require modification of the occupancy of the homestead.

Appellant relies upon *Thomas*, where the appellant husband sought to implement the sale of the homestead and obtain satisfaction of his marital interest. In *Thomas*, the homestead had been awarded to the custodial parent to provide a residence for the minor children. When the custodial parent moved to another state and rented the homestead, the husband moved to modify the decree based upon a substantial change in circumstances; the original reason for providing occupancy to the wife no longer existed. Here, however, the parties' children were not minors at the time of the dissolution and providing a residence for the children was not the basis for awarding occupancy to the respondent. Respondent's remarriage, unlike the change in *Thomas*, does not support modification of the decree.

4. Appellant also argues the stipulation improperly granted a future interest in the property to the parties' children. A trial court does not have the statutory power to award the children of a party a property interest. *See Melamed v. Melamed*, 286 N.W.2d 716, 718 (Minn.1979). The parties to a dissolution, however, may impose obligations beyond the authority of the family court. *See Smith v. Smith*, 312 Minn. 541, 546, 253 N.W.2d 143, 146 (1977).

The parties here properly included such a provision as part of their bargain.

5. Finally, appellant contends an award of this nature is not favored because it increases marital strife. The circumstances present here are not the type present in *Johnson v. Johnson*, 284 Minn. 181, 169 N.W.2d 595 (1969), where the parties were awarded an undivided interest in property after a bitter dissolution and pending future action by the court. The stipulation here does not present continued opportunity for marital strife such that modification is required.

### DECISION

Respondent's remarriage was not sufficient grounds to modify the provision of a stipulated dissolution decree which awarded occupancy of the parties' homestead to respondent.

Affirmed.