**In re the Marriage of Mary F. SAABYE, petitioner, Respondent,**

v.

**Gerald W. SAABYE, Appellant.**

**No. C7–85–791.**

Court of Appeals of Minnesota.

Aug. 27, 1985.

Robert J. Foster, Minneapolis, for petitioner, respondent.

Robert J. Lawton, St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

CRIPPEN, Judge.

## FACTS

The marriage of the parties was dissolved in 1983. The judgment awarded the family home to Mary Saabye and gave appellant Gerald Saabye a lien interest for half the value of the house.

According to the 1983 judgment, appellant's lien is payable when the property is sold or respondent remarries. The parties considered but rejected the notion of expanding the remarriage provision to include cohabitation of respondent. The house must be sold when two minor children are emancipated or in the event respondent no longer occupies the property. The youngest child is now age 14.

The parties freely negotiated and stipulated to the lien provision.

Respondent and one of the children continue to reside in the home. The parties share physical custody of the youngest child.

Frank Caruso has cohabited with respondent at the family home since shortly after the 1983 dissolution. He contributes to expenses of the household. Citing the cohabitation and Caruso's financial contributions, appellant moved for immediate payment of his lien interest. The motion was denied by the trial court.

## DECISION

■ Judgment language postponing payment of a homestead lien interest, accommodating occupancy of the home by minor children, is in the nature of child support and can be modified when appropriate under Minn.Stat. § 518.64 (1984). *Thomas v. Thomas*, 356 N.W.2d 76, 78 (Minn.Ct.App. 1984). The courts may modify child support when substantially changed circumstances make the original provision "unreasonable and unfair." Minn.Stat. § 518.64, subd. 2.

■ However, we have previously decided that, absent a stipulation provision, remarriage of the custodial parent is not a change of facts upon which a lien modification can be based. *Angelos v. Angelos*, 372 N.W.2d 405 (Minn.Ct.App.1985). Here, as in *Angelos*, the parties could have included in their settlement agreement a condition that would have triggered a payment obligation. They chose not to do so. The occurrence of that contingency has thus not rendered the judgment unfair.

Appellant emphasizes that respondent receives financial support from the man who lives with her. That circumstance is normally found in situations of remarriage or cohabitation, and it does not justify a holding different than the decision in *Angelos*.

A trial court referee questioned the justice of having occupancy of a home shared by a companion where this is costly to a former spouse. Likewise, appellant contends that the cohabitation arrangement is no different than remarriage. These assertions disregard the stipulation of the parties.

Finally, appellant contends that accelerated payment of this lien is justified due to decrease of his income. The record fails to show a substantial change in the financial circumstances of the parties, independent of contributions by respondent's companion. Appellant's income is currently less than he enjoyed in 1983. At both times, however, he had lost a job and had the capacity for substantial earnings. More importantly, no evidence was offered to compare the past and present expenses of either parent, and evidence that respondent had found a new job was inadequate to show that her income will now be greater than she enjoyed in 1983.

Affirmed.