**In re the Marriage of Everett LAMB, Jr., Petitioner, Respondent,**

v.

**Doris L. LAMB, Appellant.**

**No. C5–86–2145.**

Court of Appeals of Minnesota.

April 21, 1987.

John W. Riches, II, Benson, for respondent.

Michael M. Erhardt, Barnard, Hilleren & Spates, P.A., Benson, for appellant.

Considered and decided by LESLIE, P.J. and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

This is an appeal from the trial court's denial of appellant's motion to commence maintenance payments pursuant to a dissolution decree. The decree provided for the payment of maintenance in the event the parties' house was sold. The trial court found the homestead was not sold for purposes of the maintenance provisions in the decree. We affirm.

## FACTS

On June 13, 1985, Everett and Doris Lamb entered into a stipulated dissolution agreement. The judgment was entered by the Swift County Court on July 1, 1985.

Paragraph 5 of the agreement discusses the disposal of real property and states that the homestead will be listed for sale and sold on the open market. Provisions are also made in this section allowing the appellant exclusive occupancy and possession of the homestead prior to the sale.

Paragraph 7 of the decree states that respondent will not be required to pay maintenance "until such time as the house is sold." The decree further provides that respondent shall make these payments as follows:

> In the event the house is sold prior to July 1, 1989, the sum of $432.00 per month until July 1, 1989; thereafter, [appellant] is to receive $1,000.00 per month, commencing on July 1, 1989; but in return for [appellant's] occupancy of the homestead as noted above, [appellant] shall pay to [respondent] a fair market rental value for the use and possession of the homestead, said rent to commence on July 1, 1989, and to continue until such time as the house is sold.

On May 8, 1986, appellant signed a quit claim deed conveying her interest in the homestead to respondent for $5,000. Appellant's attorney wrote a letter to respondent's attorney on the same date, stating:

> This Deed is not to be recorded or released from your possession until the following two conditions have been met:
>
> 1. The delivery of the check in the amount of $5,000.00
>
> 2. A letter from you stating that the alimony provisions of paragraph 7 will commence upon the happening of any one of the following events:
>
> (a) July 1, 1989; or
>
> (b) The house is resold by Everett; or
>
> (c) Doris surrenders possession of the house and removes herself from the property.

Only the terms of paragraphs 2(a) and 2(b) are found in the original decree. The answer from respondent's attorney dated May 14 agreed to the terms of paragraph 2 and was accompanied by the requisite $5,000 check.

On June 20 appellant disclosed her intention to vacate the property prior to August 1, 1986 and requested the commencement of maintenance payments of $432 per month, in accordance with the decree. Respondent refused and appellant brought a motion to enforce the terms of the decree. The trial court denied appellant's motion and this appeal followed.

### ISSUE

Did the trial court err in its interpretation of the dissolution decree?

### ANALYSIS

Appellant claims the execution of a quit claim deed transferring her interest in the homestead to respondent for $5,000 constitutes a sale triggering maintenance payments as set forth in the original dissolution decree. The trial court found the language of the decree to be clear in that until the house is sold respondent is not required to pay alimony. The trial court determined that appellant's vacation of the premises did not affect the decree as it pertained to maintenance. We agree with the trial court.

■ Stipulations are treated as binding contracts. *Tomscak v. Tomscak*, 352 N.W.2d 464, 466 (Minn.Ct.App.1984). The construction and effect of a contract are questions of law for the court. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 66 (Minn.1979). This court need not defer to the trial court in reviewing questions of law. *Janssen v. Johnson*, 358 N.W.2d 117, 120 (Minn.Ct.App.1984).

■ Mere transfer of ownership by quit claim deed did not constitute sale of the homestead as contemplated by the parties. The fundamental approach to construing contracts is to allow the intent of the parties to prevail. *Turner*, 276 N.W.2d at 66. Reading the decree as a whole, it is clear that the intention of the parties was that appellant had the right to live in the house until it was sold and only then did she become eligible for maintenance. The sales provision of the decree provided a trigger by which she would receive *either* the right to live in the house *or* maintenance. In this case appellant's right to live in the house was not affected by her execution of a quit claim deed to respondent. Therefore, the property was not sold within the meaning of the decree.

Appellant additionally claims the letters exchanged between the parties' attorneys regarding the execution of the quit claim deed and the commencement of maintenance payments constitute a separate binding agreement. The trial court noted the original decree did not include a provision for maintenance in the event appellant removed herself from the premises. Instead, it provided for maintenance only in the event that the house was sold prior to July 1, 1989.

Although appellant's counsel's affidavit makes reference to the letters as amounting to a separate binding agreement, appellant's motion itself asks only for maintenance payments in accordance with the *original dissolution decree.* Appellant does not seek modification of the decree based on a subsequent agreement. Whether or not these letters do constitute a binding agreement for the payment of maintenance is not an issue before the court at this time. However, our decision should not be interpreted as precluding a subsequent motion for modification of the decree.

### DECISION

Appellant's execution of a quit claim deed in exchange for $5,000 from respondent did not constitute a sale for purpose of the decree. There is no requirement of maintenance at this time. The trial court did not err in its interpretation of the decree.

Affirmed.