**In re the Marriage of Sylvia N. ERICKSON, Petitioner, Appellant,**

v.

**John H. ERICKSON, Respondent.**

**No. C1–88–1028.**

Court of Appeals of Minnesota.

Jan. 17, 1989.

## OPINION

DAVID R. LESLIE, Judge.

Sylvia N. Erickson appeals from the judgment ordering a sale of the homestead and payment of attorney fees upon a finding that her conduct was in violation of a provision in the dissolution decree. We affirm in part and reverse in part.

## FACTS

Appellant and respondent John H. Erickson were divorced by judgment and decree for dissolution of marriage entered on October 2, 1987. This decree incorporated the terms of a stipulation of the parties. Respondent is a self-employed carpenter. Appellant, although suffering from multiple sclerosis, works as a nurse's aide at a nursing home. She has physical care, custody and control of their 16-year-old son.

The decree provides in part:

IV. After the child graduates or is otherwise emancipated or upon the remarriage of Petitioner, the parties shall place their current residence for sale with one or more licensed realtors, and shall sell the same at fair market value. Neither party shall be compelled to agree to a sale at less than market value unless both agree to such a sale. In the event that such sale is, in the opinion of one of the parties, rejected by the other despite a reasonable offer, the parties shall hire a certified appraiser, whose determination of whether the house and lot are being sold for fair market value shall be final, and if it is determined that an offer is made upon reasonable and secure terms for the fair market value, the house and lot shall thereupon be sold. * * *

\*   \*   \*   \*   \*   \*

VI. Up to and until the time the house and lot are sold in accordance with the previous paragraphs, the Petitioner shall have the right to live in the aforesaid home. The Petitioner shall be responsible to pay the house payment together with the utility bills. It is agreed that no third party shall take up resi-

John E. Mack, New London, for petitioner, appellant.

Ann M. Gustafson, Gustafson & Waechter, Willmar, for respondent.

Heard, considered and decided by NORTON, P.J., and FLEMING and LESLIE, JJ.\*

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

dence in the homestead of the parties unless one party or the other buys the other out pursuant to the right of first refusal herein. If the land is rented in whole or in part, the parties shall have the right to share the proceeds equally after deducting first costs of rental and board.

VII. The Respondent shall pay the sum of $175.00 per month toward the house payment and associated bills. This sum shall be in lieu of maintenance and shall continue for so long as Petitioner occupies the home. It is further agreed that in the event Petitioner moves from the home, the payments required under this paragraph shall continue for so long as is necessary to sell the home, and the home may be placed immediately for sale upon the vacation of the property by Petitioner.

Sometime in February 1988, Quentin Cole moved into the Erickson homestead. He and his son moved into the house and brought their furniture, some horses, and a horse trailer onto the approximately 10–acre property. At this point, respondent began to withhold his monthly payments, contending that Cole's residence in the homestead was a violation of paragraph VI of the decree. He did not make payments in March and April 1988. In April, appellant brought a motion requesting that respondent be held in contempt for failure to make these payments. Respondent brought a counter-motion requesting sale of the homestead and attorney fees.

The trial court determined that Cole's presence in the home constituted "taking up residence" within the meaning of the decree and ordered a sale of the homestead. The trial court also ordered appellant to pay attorney fees in the sum of $300.

## ISSUES

1. Did the trial court abuse its discretion in ordering sale of the homestead as a remedy for the violation of the provision in the dissolution decree requiring that no third party take up residence in the homestead?

2. Did the trial court abuse its discretion in ordering appellant to pay attorney fees?

## ANALYSIS

■ 1. On appeal from a judgment where there has been no motion for new trial, the only questions for review are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

■ The trial court's finding that Cole has taken up residence in the Erickson homestead is clearly supported by the evidence. Appellant argues, however, that it was improper for the court to order a sale of the home upon finding a violation of paragraph VI of the decree. She argues that the sale provisions set forth in paragraph IV are triggered only "after the child graduates or is otherwise emancipated or upon the remarriage of Petitioner." [1]

The provisions here regarding the occupancy of the homestead were entered into pursuant to a stipulation drafted by appellant's attorney. This court has stated that

> when a stipulation fixing the respective rights and obligations of the parties is central to the award, the trial court reviewing the original order or decree should view it as an important element because it represents the parties' voluntary acquiescence in an equitable settlement. Although the trial court is vested with broad discretion to determine the propriety of a modification, we have suggested that trial courts exercise that discretion carefully and only reluctantly alter the terms of a stipulation governing maintenance.

*Angelos v. Angelos*, 372 N.W.2d 405, 407 (Minn.Ct.App.1985), *pet. for rev. denied*

---

**1.** Appellant also argues that this provision is contrary to public policy. Although there is support in case law for that argument, we find it unnecessary to decide the case on that ground.

(Minn. Oct. 24, 1985) (citing *Claybaugh v. Claybaugh*, 312 N.W.2d 447, 449 (Minn. 1977)).

The stipulation here provided that no unrelated resident would take up residence in the home unless one party bought the other party out. No such buy-out occurred. Paragraph VI fails to provide for any other specific consequence in the event of a violation of this clause. We find this provision is unenforceable.

Modification of the occupancy of the homestead "should be allowed only when the party seeking modification can show a material change in circumstances." *Angelos*, 372 N.W.2d at 408. Appellant suffers from multiple sclerosis, but there is no suggestion in the record that this condition triggered her invitation to Cole to move into the homestead. There is also no suggestion that any wasting of assets has occurred since Cole and his son moved into the house and moved their furniture and horses to the property. There is no change of circumstances here which would justify allowing respondent to seek a modification in the occupancy of the homestead.

The trial court's solution for appellant's violation of the provisions in paragraph VI is unconscionable under the circumstances of this case. She now receives $175 per month toward the house payment in lieu of maintenance. Also, the parties' son is close to emancipation. The trial court's remedy would force appellant and her son to move out with no certainty of a place to live while the son finishes school. Furthermore, she would lose maintenance for those two years. In this situation where there is no consequence for the violation of paragraph VI and there is no suggestion of any wasting of assets, we hold that the trial court erred in ordering the sale of the homestead.

■ 2. Although the trial court improperly ordered a sale of the homestead, we affirm the award of attorney fees to respondent. Here, the decree incorporated the terms of a stipulation drafted by appellant's attorney. Moreover, respondent was not represented by counsel when the stipulation was drafted and signed. Respondent, of course, should have sought relief in the courts before withholding his monthly payments toward the house payment and associated bills. Nevertheless, we find that respondent in good faith believed that he was entitled to request a sale of the homestead upon learning of Cole's residence in the homestead and that withholding the monthly payments was an appropriate response. We find that the award of a modest $300 in attorney fees is reasonable and not an abuse of the trial court's broad discretion.

## DECISION

We reverse the trial court's order requiring sale of the homestead and affirm the award of attorney fees.

AFFIRMED IN PART AND REVERSED IN PART.

FLEMING, J., dissents.

FLEMING, Judge (dissenting).

I respectfully dissent.

The majority concludes,

[t]he stipulation here provided that no unrelated resident would take up residence in the home unless one party bought the other party out. No such buy-out occurred. Paragraph VI fails to provide for any other specific consequence in the event of a violation of this clause. We find this provision is unenforceable.

I cannot agree that the clause is unenforceable. The stipulation provided,

It is agreed that no third party shall take up residence in the homestead of the parties unless one party or the other buys the other out pursuant to the right of first refusal herein.

The right of first refusal mentioned in this clause permitted one party, *in the event of a sale of the homestead,* to " * * * meet the terms of any acceptable offer within thirty (30) days of the finalization of that offer." It seems clear to me that no third party was to be allowed to reside in the homestead absent a sale of

the homestead subject to the other party's right of first refusal.

Stipulations are binding contracts. *Lamb v. Lamb,* 404 N.W.2d 338, 340 (Minn. Ct.App.1987). In construing a contract, this court should allow the intent of the parties to prevail. *Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 66 (Minn. 1979). In the present case, the parties intended to prohibit third parties from taking up residence in the homestead unless, in the course of selling the homestead, one party bought out the other.

Had appellant married Cole, the homestead would be sold. By allowing him to move in, she is now able to circumvent the parties' agreement—an agreement drafted by appellant's counsel and signed by respondent while he was unrepresented. I do not agree with the majority's conclusion that the stipulation failed to provide a remedy for this situation. Instead, I believe the stipulation required exactly what the trial court ordered: the sale of the homestead, subject to appellant's contractual right to buy out respondent's interest in the sale and allow Cole to remain. Even appellant's counsel states in his brief to this court, "[A] literal reading of Paragraph VI only indicates that no third party shall take up residence in the homestead unless one party buys the other out." If the intent of the parties to this contract, as stated by the attorney who drafted the agreement, is to be given effect, this court should affirm the trial court's decision ordering the sale of the homestead and allow appellant to exercise her right to buy out respondent.