In re the Marriage of Brenda
F. PLONSKE, Petitioner,
Appellant,

v.

Edward F. PLONSKE, Respondent.

No. CX–91–132.

Court of Appeals of Minnesota.

Aug. 6, 1991.

Barry Lazarus, Anne Meredith–Will, O'Connor & Hannan, Minneapolis, for appellant.

John M. Mulligan, Mulligan & Bjornnes, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and LANSING, and NORTON, JJ.

## OPINION

NORTON, Judge.

The parties' marriage of ten years was dissolved by judgment and decree entered on December 10, 1990. All matters of the dissolution were settled by stipulation of the parties except one issue: whether to include a provision providing that the cohabitation by appellant Brenda F. Plonske with an unrelated male for a continuous period of more than 30 days would trigger a mandatory redemption of respondent Edward F. Plonske's interest in the homestead property. The trial court included the disputed provision in the final judgment and decree. This appeal is taken from the judgment. We reverse and remand to the trial court to strike the disputed provision from the judgment and decree.

## FACTS

The parties were married on December 6, 1980. There was one minor child born of the marriage, Elizabeth Mary Plonske, age 9. Appellant also has a minor son from a previous marriage. The parties have permanent joint legal custody of Elizabeth and appellant has primary physical custody of Elizabeth. Respondent is obligated to pay child support for Elizabeth in the amount of $475 per month and spousal maintenance of $100 per month. The maintenance obligation will cease after 36 months.

The parties owned a homestead in joint tenancy with a joint mortgage. Pursuant to stipulation, appellant was given all right, title, interest, and equity in and to the homestead, subject to an interest free lien in favor of respondent for one-half of the net equity of the homestead. Appellant is solely responsible for all payments, principal, interest, taxes, and insurance on the homestead.

The parties stipulated to the terms of the judgment and decree except for one matter, which is the subject of this appeal. The parties disagreed over the inclusion of paragraph 8(b)(4) in the judgment and decree. Paragraph 8(b)(1)–(4) provides the following:

(b) *The house shall be offered for sale and sold and Respondent's lien satisfied upon the earlier of:*

1) The minor child graduates from high school or is otherwise emancipated or dies;

2) [Appellant's] remarriage;

3) Any refinancing, by [appellant];

4) *The continuous cohabitation by [appellant] for a period of more than 30 days with an unrelated male adult in the homestead.*

*Upon the occurrence of one of the above events, the house shall be placed on the market for sale at fair market value within 60 days.* Respondent shall select a realtor from a locally prominent established realty firm to market the homestead.

(Emphasis added). Paragraph 8(c) of the judgment and decree provides that upon the occurrence of one of these triggering events, appellant will have the option of buying out respondent's interest in lieu of placing the house on the market.

Rather than go to trial, the parties agreed to present two versions of the Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree to the trial court, one including the disputed provision and one without it, together with letter briefs to the trial court supporting their respective positions. The trial court included the disputed paragraph 8(b)(4) in

the final judgment and decree. This appeal is taken from the judgment.

Appellant challenges the inclusion of the cohabitation provision, paragraph 8(b)(4), which was not stipulated to in the final judgment and decree. She does not challenge the inclusion of the three other provisions, as contained in paragraph 8(b)(1)–(3), as these were stipulated to by the parties.

## ISSUE

Did the trial court err by including in the final judgment and decree a provision, absent stipulation by the parties, which requires appellant to either sell the homestead or buy out respondent's interest therein so as to satisfy respondent's lien on the homestead if she cohabitates with an unrelated male for more than thirty days?

## ANALYSIS

This is an appeal directly from the final judgment and decree of dissolution, challenging a provision contained therein that involves occupancy of the homestead. Although this case does not involve modification of occupancy of the homestead, an analysis of the law that applies in modification cases is instructive in showing the development of the law and supports our conclusion that the inclusion of the challenged provision, paragraph 8(b)(4), is an error of law.

█ Absent stipulation to the contrary, modification of the right to occupancy of the homestead, like modification of maintenance and child support, "should be allowed *only* when the party seeking modification can show a material change in circumstances." *Angelos v. Angelos*, 372 N.W.2d 405, 407–08 (Minn.App.1985) (emphasis added) (former husband's remarriage did not constitute "a sufficient change in circumstances to require modification of the occupancy of the homestead" awarded to him by stipulation where stipulated decree specifically provided that person he remarries acquires no property rights in the homestead but failed to provide that remarriage would trigger a forced sale of the homestead), *pet. for rev. denied* (Minn. Oct. 24, 1985).

In *Saabye v. Saabye*, 373 N.W.2d 386 (Minn.App.1985), the wife was awarded occupancy of the homestead. The parties stipulated that the husband's lien on the homestead was payable upon the sale of the property or upon the wife's remarriage. The parties considered but rejected the idea of also including in their stipulation cohabitation by the wife as a triggering event. The house was to be sold when the two minor children, one of whom lived in the home with the wife, were emancipated. Shortly after the dissolution a male moved into the homestead with the wife and contributed to the household expenses. *Id.* at 387.

The court first held that the language of the judgment postponing the payment of the lien was in the nature of child support because its purpose was to accommodate occupancy of the homestead by minor children of the marriage. As such, it was subject to modification upon a showing of a change in circumstances. *Id.; see also Kerr v. Kerr*, 309 Minn. 124, 243 N.W.2d 313, 315 (1976) (where, pursuant to stipulation, wife was awarded homestead subject to lien in favor of husband payable upon sale, wife's death, or emancipation of youngest child, the decree operated to encourage occupancy of the homestead by the parties' minor children and, in effect, was security for payment of child support. As such, the occupancy of the homestead provision was subject to modification); *Thomas v. Thomas*, 356 N.W.2d 76, 78 (Minn. App.1984) (postponement of husband's realization of proceeds secured by lien on homestead occupied by wife until her death or remarriage operated to encourage occupancy of the homestead by the minor children and was security for payment of child support. The postponement provision is in the nature of child support and therefore can be modified only upon a showing of material change in circumstances).

In *Saabye*, after deciding the occupancy of the homestead was subject to modification, the court held that the cohabitation by the wife, absent a stipulated provision, was not a sufficient change in circumstances to trigger the satisfaction of the husband's lien on the homestead. *Saabye*, 373

N.W.2d at 387. The court explained that the fact the wife occupying the homestead received financial contributions to the household from the man cohabitating with her was a circumstance normally found in situations of remarriage or cohabitation. Therefore, the court found a holding different than *Angelos* was not justified. *Id.* That is, absent stipulation to the contrary,

> modification of the occupancy of the homestead * * * should be allowed *only* when the party seeking modification can show a material change in circumstances.

*Angelos*, 372 N.W.2d at 407–08 (emphasis added). *See also Erickson v. Erickson*, 434 N.W.2d 284, 286–87 (Minn.App.1989) (reversing trial court's ordered sale of homestead in spite of parties' stipulation to cohabitation provision. Held that provision was unenforceable because it failed to provide for specific consequences. Court also relied on *Angelos* holding "no change in circumstances * * * which would justify * * * modification in the occupancy of the homestead").

■ Respondent argues the postponement of the satisfaction of the lien deals with the division of property and has nothing to do with maintenance or child support. Therefore, respondent continues, there is no need to determine whether there has been a change in circumstances in order to trigger the satisfaction of the lien on the homestead in favor of respondent. We disagree. While respondent's lien is part of the property division and not subject to modification, the *postponement* of his lien is in the nature of child support and subject to modification. *See Thomas*, 356 N.W.2d at 78 (postponement of lien operates to encourage occupancy by minor children and as such renders postponement provision one for child support rather than property division).

Appellant has primary physical custody of the parties' minor child. Here, postponing respondent's lien encourages the minor child's occupancy of the homestead. Therefore the postponement provision is in the nature of child support and could be modified only upon a showing of a change in circumstances. *See id.*

■ Again, we acknowledge that this case does not involve modification of an earlier decree. However, if the disputed provision is allowed to stand, a change in the occupancy of the homestead would be effectuated automatically, absent stipulation by the parties,[1] upon the occurrence of cohabitation by appellant without addressing whether there has been a change in circumstances. We find such a provision to be inconsistent with Minnesota law.[2]

We also find public policy considerations support our conclusion. The supreme court has stated that participation in a meretricious relationship by a cohabitating couple does not, simply by reason of the relationship, justify reduction or termination of spousal maintenance. *Mertens v. Mertens,* 285 N.W.2d 490, 491 (Minn.1979); *Abbott v. Abbott,* 282 N.W.2d 561, 565 (Minn.1979); *Bateman v. Bateman,* 382 N.W.2d 240, 251 (Minn.App.1986), *pet. for rev. denied* (Minn. Apr. 24, 1986). Rather, the cohabitation should only be considered "insofar as it might improve an ex-spouse's economic well-being." *Mertens,* 285 N.W.2d at 491 (quoting *Sieber v. Sieber,* 258 N.W.2d 754, 758 (Minn.1977)).

> [L]iving with another individual, male or female, does not automatically trigger an economic dependency and certainly does not result in the attachment of legal consequences.

*Bateman,* 382 N.W.2d at 251. The arrangement can be broken off without obligation. If maintenance were automatically modified, the likelihood the former spouse may need public assistance is increased. *Abbott,* 282 N.W.2d at 565. We feel the same public policy considerations apply here and in fact, weigh heavily in our decision.

Based on the trend of Minnesota case law and public policy considerations, to in-clude a provision in a final decree that would mandate a change in the occupancy of the homestead upon cohabitation by the occupying spouse, absent stipulation to the contrary, is an error of law. We note our holding is narrow and specifically limited to cohabitation clauses only.

## DECISION

The trial court erred as a matter of law by including the disputed provision in the final judgment and decree. We remand to the trial court to strike paragraph 8(b)(4) from the judgment and decree.

Reversed and remanded.

RANDALL, Judge, dissenting.

I respectfully dissent. The majority analysis is built on cases where, after a dissolution decree with an occupancy provision has been in effect, a party came back into court and sought modification of that *prior* decree. There are cases setting forth the burden on a person seeking modification. Those cases do not control. This is not a case where one party is seeking to modify an award of occupancy of the homestead. This case involves only an appeal from the initial dissolution decree challenging the trial court's determination on property division, child support, maintenance, and homestead occupancy. The burden is on appellant to show the trial court abused its discretion or committed an error of law. Appellant has not done so. There is no burden on respondent to justify modification on the issue of homestead occupancy. There is no modification to analyze.

This case was never presented as a modification case. The two sides agreed on all issues, except whether cohabitation by appellant would affect occupancy of the

---

1. The parties contested the provision here at issue and made their respective arguments to the trial court. Although appellant stated in her letter brief to the trial court that it had "discretion" to include the disputed provision in the judgment and decree, this statement does not appear as part of her legal argument to the trial court. Rather, the statement appears to be nothing more than an acknowledgment of the trial court's role as decisionmaker.

2. We acknowledge that the Minnesota Supreme Court has allowed a similar provision to stand in a judgment and decree. *See Rohling v. Rohling,* 379 N.W.2d 519, 523 (Minn.1986). However, the cohabitation provision in *Rohling* was neither challenged by the parties in that case nor addressed by the court. The case was decided on other grounds. *See id.* at 523. Therefore, it is not binding precedent as to the issue before us.

homestead. Both parties, without objecting to the format and without objecting to the court's jurisdiction to do either, presented two alternatives to the trial court (appellant's version gave her the homestead without a cohabitation clause and respondent's version gave appellant the homestead with a cohabitation clause) and asked the court to choose one or the other.

Appellant, on appeal, now appears to argue this is somehow a "modification" case and the trial court had no authority to do what it did. I note appellant wrote to the trial judge, in pertinent part:

Re: Plonske and Plonske
Court File No.: 163605
Our File No.: 53,671–001

Dear Judge Swanson:

As you may be award, the above matter was settled on all issues except one—a triggering event that would cause the satisfaction of the lien granted to Respondent.

This Court is presented with two versions of the Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree. The parties have agreed that each of them, through their respective attorneys, would submit a letter to you in which their respective positions are argued. You will then select the version * * * *which you deem is more appropriate in the circumstances. Each of the parties believes this system is eminently fair, and certainly more cost effective and less time consuming than having the matter argued by formal motion.*

In version no. 1, paragraph 8(b)(1–3) sets forth three items that would cause the lien to be satisfied as follows: (i) the minor child graduating high school, et al.; (ii) Petitioner's remarriage; and (iii) refinancing the home by Petitioner. Version no. 2 adds a fourth item which is the co-habitation by Petitioner with an unrelated male for 30 days or more.

The position of Petitioner is quite simple. Once the marriage to Respondent is dissolved and the homestead is granted to her, there is no reason to allow Respondent to control her life indirectly by preventing her from cohabitation with an un-related male for 30 days or more within the homestead.

Attorney for appellant, of course, argued it would be more appropriate for the trial court to select version no. 1 (no cohabitation clause). But, by that same letter, appellant's counsel acknowledged the authority of the trial court to accept either version depending on how the court weighed the evidence:

Based on the arguments above stated, *and while the Court has discretion to order that cohabitation with an un-related male for a period of more than 30 days could be an event to trigger the ability of Respondent to collect his lien,* there is no evidence, and really no argument that Respondent can offer to the Court, that would cause the Court to select version no. 2 in order to protect some a legitimate right of Respondent that can only be protected by inclusion of the additional triggering event as requested by Respondent.

Appellant did not argue the court had no power to include the cohabitation clause because this was a "modification" and there were no facts to support a modification. Instead, appellant agreed the court had the authority to insert either version in the dissolution decree, but in his opinion his clients' evidence supporting version no. 1 outweighed the evidence supporting version no. 2. Somehow, on appeal, and in the majority analysis, the case has come to the posture where one party was awarded occupancy and respondent is improperly attempting to "modify" occupancy. I suggest the approach of the majority is incorrect. Whether occupancy of the homestead is tied to property division, as respondent argues, or child support, as appellant argues, the trial court's initial determination was not to modify occupancy but to set the terms for occupancy. I find no error.

The trial court selected respondent's version, version no. 2, which included the cohabitation clause at issue. The trial court did not include an analysis as to why it selected version no. 2 over version no. 1. However, both parties, by letter to the trial

court with their suggested version, included their legal arguments. It is reasonable to assume the trial court accepted the weight of respondent's arguments. Without elaboration, they were:

1. If Mrs. Plonske is compelled to redeem Mr. Plonske's interest upon her remarriage, but is not compelled to do so upon her cohabitation, a significant financial incentive is created to defer marriage.

2. If Mrs. Plonske were to have a boyfriend move in, then this divorce is [sic] merely been a replacement of her husband with a boyfriend while tieing up his financial interest in the homestead for a period of ten more years, which is fundamentally unfair.

3. The notion of a "platonic renter" is a recipe for continuing disputes between the parties.

(Underlining in original)

Appellant, as can be expected, had contra arguments. The arguments of both parties have a sound basis in logic and fairness. I find nothing inappropriate in the trial court's selection of respondent's reasonable arguments over appellant's reasonable arguments.

I disagree with the majority that the Minnesota Supreme Court case of *Rohling v. Rohling,* 379 N.W.2d 519 (Minn.1986) can be handled and dismissed in a footnote. It is true *Rohling* was not appealed precisely on a cohabitation provision. But economic fairness to Mabel Rohling was the underlying reason why the Minnesota Supreme Court reversed this court and reinstated the trial court's division of property and other issues affecting homestead occupancy.

At trial, the district court gave Mabel Rohling the homestead, subject to a lien in favor of Carl Rohling payable on or before 1999. Triggering events to require her or her estate to pay off the lien sooner were her remarriage, her death, selling the home, or cohabitation with a member of the opposite sex. *Id.* at 523.

Carl Rohling appealed claiming certain errors and, relative to the lien, raised the issue that it was unfair that his spouse could retain the homestead without having to pay his lien until April 16, 1999, absent triggering events. Mabel Rohling cross appealed on other issues. She did not complain about the triggering clause of cohabitation. This court reversed, indicating, among other things, that the trial court erred when it stated Carl's equitable lien need not be paid off before April 1999 absent a triggering event. *Id.* at 522.

The supreme court reinstated the trial court's decision and found reasonable the trial court's overall weighing of the economic aspects of the Rohling marriage, and its split of the assets. The supreme court stated in part:

The district court awarded Mabel the homestead subject to an equitable lien in favor of Carl, payable on or before April 16, 1999. The court ruled that if Mabel were to remarry, sell the house, or cohabit with a member of the opposite sex, she would have to pay off the lien, and if Mabel were to die before April 16, 1999, the lien would be payable upon her death.

The court of appeals held that this lien arrangement was an abuse of discretion because the district court effectively denied Carl the receipt of the proceeds of his lien until the end of his life expectancy (Carl would be 75 years old in 1999). The court remanded this issue to the district court to calculate a more "proper length of time" for the lien to remain on the house. In so doing, the court of appeals violated the mandate in *Bollenbach,* which requires a reviewing court to affirm a property distribution that has an "acceptable basis in fact and principle."

The district court's lien arrangement has such a basis. In considering the possible property distributions in this case, the district court stated:

The Court strongly believes that Petitioner should be allowed to remain in the homestead unencumbered by either a second mortgage or the necessity of a forced sale. Considering Petitioner's age and income, either of the foregoing would constitute an undue hardship. Other alternatives could have included the granting of Petitioner

maintenance sufficient to maintain payments on a second mortgage or to grant Petitioner lifetime occupation of the homestead pursuant to Minn.Stat. 518.63. Either alternative would have resulted in a more complex legal relationship between the parties and would not afford Respondent a more favorable result.

*Id.*, at 523. In other words, the supreme court accepted the trial court's determination that Mrs. Rohling should have been allowed to remain in the homestead unencumbered by a second mortgage or the necessity of a forced sale (absent a triggering event which would not be assumed to hurt her financially, such as selling the house or remarriage).

I suggest *Rohling* supports the trial court's decision in this case for this reason. The *Rohling* trial court found it important to give Mabel Rohling a fixed number of years in her home as part of an overall economic package which the trial court deemed fair to her. The Minnesota Supreme Court, in its review of *Rohling*, agreed with the trial court's analysis of Mabel Rohling's needs. Yet, in spite of the trial court's determination that Mabel Rohling needed a fixed number of years in her home, one of the events triggering a sale sooner would be cohabitation with someone of the opposite sex. In reviewing the analysis of the trial court, the supreme court did not cast aspersions or in any other way discuss the cohabitation clause. I suggest that if the cohabitation clause in the initial *Rohling* decree had been unfair to Mabel Rohling, the trial court would not have inserted it, and the Minnesota Supreme Court, on review, would not have passed it without comment.

This is not a modification case. It is a direct appeal from a final decree examining the propriety of a trial court's initial dissolution decree on monetary matters. I find the trial court did not abuse its discretion, did not misapply existing law, and should be affirmed.